▪ Mikhail Treybich et al., Appellants, v Olga Arango, Respondent. [691 NYS2d 96] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (De Maro, J.), dated June 3, 1998, as denied their cross motion to (a) vacate an order of the same court, dated January 5, 1998, which, *inter alia,* directed that the action would be automatically dismissed if a statement of readiness were not filed within 90 days, and (b) extend the time to serve and file a statement of readiness, and (2) from an order of the same court, dated August 10, 1998, which denied their motion for reargument.

Ordered that the appeal from the order dated August 10, 1998, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 3, 1998, is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, the plaintiffs' cross motion is granted, and the order dated January 5, 1998, is vacated; and it is further,

Ordered that the plaintiffs' attorneys shall personally pay $500 to the defendant's attorneys within 30 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the plaintiffs shall produce the infant plaintiff for an examination before trial at a time and place to be set in a written notice of at least 10 days, or at such time and place as the parties shall agree.

The defendant failed to establish that a written demand that the plaintiffs resume prosecution of the action by serving and filing a statement of readiness within 90 days was properly served upon the plaintiffs (*see,* CPLR 3216 [b] [2], [3]). Moreover, the plaintiffs established both a reasonable excuse for the delay in completing discovery (*see,* CPLR 3216 [e]; *Cobble Hill Nursing Home v Griffo,* 240 AD2d 459), and a meritorious cause of action (*see, Martin v Zangrillo,* 186 AD2d 724). Accordingly, the court improperly deemed the action dismissed for failure to complete discovery and serve and file a statement of readiness within 90 days of the court's demand therefor (*see,* CPLR 3216 [b] [3]).

Since the plaintiffs' failure to complete discovery in a timely manner was due to their attorneys' failure to appear when the infant plaintiff appeared for a deposition, we direct the plaintiffs' attorneys to personally pay $500 to the defendant's attorneys (*see, e.g., Pegalis v Gibson,* 237 AD2d 420). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.