■ SUN PLAZA ENTERPRISES CORP., Respondent, v CROWN THEATRES, L.P., et al., Appellants. [762 NYS2d 833] —In an action, inter alia, to recover damages for fraud and breach of duty of good faith and fair dealing, (1) the defendant Crown Theatres, L.P., appeals from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated December 6, 2000, as granted that branch of the plaintiff's motion pursuant to CPLR 3211 (a) (5) and (7) which was to dismiss the second counterclaim to recover damages for fraud, and (2) the defendants appeal from an order of the same court dated March 21, 2001, which granted the plaintiff's motion for leave to reargue those branches of their cross motion which were for summary judgment dismissing the fourth cause of action to recover damages for breach of duty of good faith and the fifth cause of action to recover damages for fraud, which had been previously granted by order dated December 6, 2000, and upon reargument, denied those branches of their cross motion and reinstated the fourth and fifth causes of action. Justice Santucci has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

Ordered that the order dated December 6, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 21, 2001, is reversed, on the law, and the motion for leave to reargue is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court correctly determined that the defendants' second counterclaim sounding in fraud was barred by the doctrine of res judicata since that claim should have or could have been resolved in a prior action (see Coliseum Towers Assoc. v County of Nassau, 217 AD2d 387 [1996]). Where, as here, the facts supporting the cause of action to recover damages for fraud are the same as those in a prior action that was commenced by the defendant Crown Theatres, L.P., the counterclaim is barred by the doctrine of res judicata even though fraud was not alleged in the prior action (see O'Brien v City of Syracuse, 54 NY2d 353 [1981]).

However, the Supreme Court erred in granting the motion

for leave to reargue and, upon reargument, in reinstating the plaintiff's fourth and fifth causes of action. The fourth cause of action is merely a duplication of a breach of contract claim which cannot be sustained by the plaintiff because it is barred by the doctrine of res judicata due to the determination in the parties' prior action. Further, the plaintiff's fifth cause of action to recover damages for fraud cannot be sustained because the cause of action merely asserts a breach of a lease agreement. Accordingly, that cause of action is likewise barred by the doctrine of res judicata due to the determination in the parties' prior action (*see Canstar v Jones Constr. Co.,* 212 AD2d 452, 453 [1995]; *Apfel v Prudential-Bache Sec.,* 183 AD2d 439 [1992], *mod on other grounds* 81 NY2d 470 [1993]; *Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607 [1985]; *see generally, O'Brien v City of Syracuse, supra;* CPLR 3211 [a] [5]). Santucci, J.P., Feuerstein, Smith and Adams, JJ., concur.