■ SUN PLAZA ENTERPRISES CORP., Respondent-Appellant, v CROWN THEATRES, L.P., et al., Appellants-Respondents. [762 NYS2d 829] —In an action, inter alia, to recover damages for fraud and breach of duty of good faith and fair dealing, (1) the defendants appeal from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 29, 2001, as denied those branches of their motion which were to compel disclosure pursuant to CPLR 3101 (i) prior to any party appearing for depositions, of certain audiotapes recorded by the plaintiff, and to confirm that the action was dismissed insofar as asserted against the defendants Daniel M. Crown and Robert Beacher, as individuals, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendants' motion which was to compel Efraim Shurka to appear for a deposition prior to any defendant appearing for deposition, and (2) the defendants appeal from so much of an order of the same court (Schmidt, J.), dated February 6, 2002, as denied those branches of their motion which were to strike the note of issue and certificate of readiness and to direct the plaintiff to provide them with a catalogue of certain audiotapes, and for leave to reargue that branch of their motion which was to compel disclosure pursuant to CPLR 3101 (i) prior to any party appearing for depositions, of certain audiotapes recorded by the plaintiffs, and the plaintiff cross-appeals from so much of the same order as denied its cross motion for leave to reargue that branch of the defendants' motion which was to compel Efraim Shurka to appear for deposition prior to any defendant appearing for deposition. Justice Santucci has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order dated October 29, 2001, is modified by (1) deleting the provision thereof denying that branch of the defendants' motion which was to compel disclosure pursuant to CPLR 3101 (i), prior to any party appearing for depositions, of certain audiotapes recorded by the plaintiff and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof denying that branch of the defendants' motion which was to confirm that the action has been dismissed insofar as asserted against the defendants Daniel M. Crown and Robert Beacher, as individuals, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated October 29, 2001, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal and the cross appeal from so much of the order dated February 6, 2002, as denied that branch of the motion which was for leave to reargue, and the cross motion for leave to reargue, are dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated February 6, 2002, as denied that branch of the defendants' motion which was to direct the plaintiff to provide them with a catalogue of certain audiotapes, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated February 6, 2002, is affirmed insofar as reviewed, without costs or disbursements.

We agree with the defendants that the plaintiff must turn over any audiotapes in its possession prior to deposing the defendants (*see Falk v Inzinna,* 299 AD2d 120 [2002]). Furthermore, the Supreme Court properly denied that branch of the defendants' motion which was to strike the note of issue and the certificate of readiness since the Supreme Court expressly permitted further discovery and no misrepresentations concerning the status of the discovery process were made (*see Torres v New York City Tr. Auth.,* 192 AD2d 400 [1993]).

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion to alter the normal priority of depositions since the defendants obtained priority of deposition (*see Kenna v New York Mut. Underwriters,* 188 AD2d 586, 588 [1992]; *Fox v Fox,* 96 AD2d 571, 573 [1983]).

Finally, the branch of the defendants' motion which was to confirm that the action insofar as asserted against the defendants Daniel M. Crown and Robert Beacher, as individuals, had been dismissed, should have been granted because the causes of action to recover damages for breach of duty of good

faith and fraud were properly dismissed by order of the Supreme Court, Kings County, dated December 6, 2000 (*see Sun Plaza Enters. Corp. v Crown Theatres,* 307 AD2d 351 [2003] [decided herewith]). Santucci, J.P., Feuerstein, Smith and Adams, JJ., concur.