*633 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.
Plaintiff commenced this wrongful death action alleging medical malpractice in 1995. During the course of discovery, plaintiff’s attorney became the subject of disciplinary proceedings and was ultimately disbarred in June 1998. His law firm took over the action, but plaintiff’s case languished. In April and November 1999, respectively, defendant Good Samaritan and defendant Manes served plaintiff with a 90-day notice to resume prosecution pursuant to CPLR 3216 (b) (3). The matter was not transferred to plaintiff’s present attorney until January 2000, when counsel advised the parties of plaintiff’s intention to resume prosecution and proceed with discovery. To that end, all parties attended a certification conference at Supreme Court in April 2000.* Upon plaintiff’s failure to respond to defendants’ CPLR 3216 demands by filing a note of issue or moving for any alternative relief, defendants each moved to dismiss plaintiff’s complaint.
We have previously observed that CPLR 3216 “is extremely forgiving of litigation delay” (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]). If a party fails to comply with a 90-day demand to serve and file a note of issue, but demonstrates a “justifiable excuse for the delay and a good and meritorious cause of action” (CPLR 3216 [e]), the trial court may not dismiss the action. Here, the trial court declined to dismiss plaintiff’s complaint, determining that the claim had merit and that plaintiff provided a justifiable excuse for the delay.
On appeal, the Appellate Division reversed, found that plaintiff provided neither a reasonable excuse for the delay nor proof of a meritorious cause of action, and dismissed the complaint. Our review of this determination is limited to whether, as a matter of law, the Appellate Division abused its discretion (see Karger, Powers of the New York Court of Appeals § 96, at 597-598 [3d ed]).
Under these specific facts and circumstances, plaintiff has shown a justifiable excuse for the delay. The specific facts and *634 circumstances include the delay engendered by disbarment of counsel, that such delay “was not willful or with intent to abandon the action, but rather was the result of neglect on the part of the [plaintiffs] previous attorneys” (Carte v Segall, 134 AD2d 397, 398 [2d Dept 1987]), and that — upon transfer to the present attorney — pretrial matters have proceeded with the knowledge and participation of defense counsel. Plaintiff likewise demonstrated the existence of a meritorious claim by submitting an affidavit from a medical expert (see Mosberg v Elahi, 80 NY2d 941, 942 [1992]). The physician’s affidavit, although redacted, was specific, detailing the procedures that should have been followed and opining “that the care rendered to [the decedent] deviated from accepted medical practice, was medically negligent and was the cause of [his] passing.” Plaintiff offered to supply the court with the redacted material.
Plaintiff demonstrated both a meritorious cause of action and a justifiable excuse for the delay, and as a result, the Appellate Division abused its discretion by dismissing the complaint.
Chief Judge Kaye and Judges Smith, Ciparick, Graffeo and Read concur in memorandum; Judge Rosenblatt taking no part.
Order reversed, etc.

 Plaintiff asserts, and defendant does not dispute, that it was the practice in Suffolk County Supreme Court to require parties to attend a certification conference and receive a certification order from the court prior to filing a certificate of readiness and note of issue (see Velasquez v Newell, 233 AD2d 390 [2d Dept 1996]; see also 22 NYCRR 202.21 [a]).