■ LAUREN DAVIS, Respondent, v PATRICIA A. GOODSELL, Appellant, et al., Defendants. (And a Third-Party Action.) [774 NYS2d 568]—

In an action to recover damages for legal malpractice and breach of contract, the defendant Patricia A. Goodsell appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated September 8, 2003, as denied those branches of her motion which were to vacate the note of issue and to dismiss the action insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 14, 2003, the Supreme Court issued an order stating that the "matter [was] certified ready for trial." The plaintiff was directed to file a note of issue within 90 days, on penalty of automatic dismissal without further court order. However, as reflected in a "so-ordered" stipulation executed on February 14, 2003, the parties were far from completing discovery, and the Supreme Court was, or should have been aware, that discovery had not been completed.

According to this so-ordered stipulation, for example, the plaintiff was given until March 7, 2003, to make a motion to compel additional discovery from the defendant Patricia A. Goodsell (hereinafter the defendant). The plaintiff later made such a motion. This motion was not granted until June 16, 2003, after the expiration of the 90-day period (during which period the plaintiff had filed a note of issue).

The defendant moved to vacate the note of issue and to dismiss the action insofar as asserted against it, or, in the alternative, to compel further discovery. The Supreme Court granted the motion only to the extent of directing further discovery. On this appeal by the defendant, we affirm the order insofar as appealed from.

CPLR 3216 is, by its terms, "extremely forgiving" in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed (CPLR 3216 [a], [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503-505 [1997]; *see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632 [2003]). While the statute

prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay, and a meritorious cause of action (*see* CPLR 3216 [e]; *Di Simone v Good Samaritan Hosp., supra*) such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal (*see Baczkowski v Collins Constr. Co., supra* at 503-505).

A plaintiff's failure to comply with a so-called "90-day notice" (*see* CPLR 3216 [b] [3]) should, in the proper exercise of discretion, be excused under a variety of circumstances, including where a defendant, after having served the 90-day notice, demands additional pretrial discovery from the plaintiff, or where a defendant, prior to having served such a notice, has obstructed the plaintiff's own efforts to obtain legitimate pretrial disclosure from the defendant (*see Coleman v Baker/Mellon Stuart Constr.,* 286 AD2d 924 [2001]; *Donegan v St. Joseph's Med. Ctr.,* 283 AD2d 152 [2001]; *McCracken v Nitto Kohki USA,* 271 AD2d 510 [2000]; *Treybich v Arango,* 262 AD2d 304 [1999]; *Matter of Simmons v McSimmons, Inc.,* 261 AD2d 547 [1999]; *Scoglio v Scoglio,* 253 AD2d 520 [1998]; *Markarian v Hundert,* 180 AD2d 780 [1992]; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3216.21; *but see McKinney v Corby,* 295 AD2d 580 [2002]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552 [1989]).

Here, the defendant demanded a bill of particulars, and also demanded certain document disclosure from the plaintiff in a letter dated April 9, 2003, *after* the Supreme Court had issued its order dated February 14, 2003. Also, the pendency of the plaintiff's timely motion to compel discovery from the defendant "negated any inference that the plaintiff intended to abandon her action" (*Martinisi v Cornwall Hosp.,* 177 AD2d 549, 551 [1991]), and the defendant's resistance to the discovery sought in that ultimately successful motion "affirmatively contributed" to the delay in completing discovery (*Schoenhals v Kissing Bridge Corp.,* 96 AD2d 711 [1983]; *see Coleman v Baker/ Mellon Stuart Constr., supra*).

"[T]here is no parallel between the circumstances of the instant case and those where CPLR 3216 dismissals have been justified based on patterns of persistent neglect, a history of extensive delay, evidence of an intent to abandon prosecution, and lack of any tenable excuse for such delay" (*Schneider v Meltzer,* 266 AD2d 801, 802 [1999]; *see Baczkowski v Collins Constr. Co., supra; Meade v Lama Agency,* 260 AD2d 979 [1999]; *Collins Constr. v Hollis,* 247 AD2d 736 [1998]; *Hogan v City of Kingston,* 243 AD2d 981 [1997]). Even assuming that the attorney for the plaintiff made an incorrect statement as to the

status of discovery at the time that the note of issue was filed, such misstatement was not made in bad faith, and the note of issue need not be deemed a "nullity" (*cf. Blackwell v Long Is. Coll. Hosp.,* 303 AD2d 615 [2003]; *Gregory v Ford Motor Credit Co.,* 298 AD2d 496 [2002]; *Elkrichi v Flushing Hosp. Med. Ctr.,* 293 AD2d 706 [2002]; *Garofalo v Mercy Hosp.,* 271 AD2d 642 [2000]; *Macancela v Pekurar,* 286 AD2d 320 [2001]). Nothing in the Uniform Rules of the Trial Court (*see* 22 NYCRR 202.21 [e]) or in CPLR 3216 authorizes, much less requires, dismissal of an action, as opposed to vacatur of the note of issue (*see* 22 NYCRR 202.21 [e]), as a consequence of a good-faith misstatement of fact such as the one under review in this case contained in a note of issue or certificate of readiness that has been timely filed in compliance with a "90 day notice."

In sum, under the circumstances of this case, the Supreme Court providently exercised its discretion in directing further discovery while the action remained on the trial calendar (*see Sun Plaza Enters. Corp. v Crown Theatres,* 307 AD2d 352 [2003]). Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.