■ LARISA TOLMASOVA, Respondent, v LUDMILA UMAROVA et al., Defendants, and ROMAN V. POPIK, Appellant. [802 NYS2d 241]—

In an action, inter alia, to recover the amount due on promissory notes and damages for legal malpractice, the defendant Roman V. Popik appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated January 21, 2005, as denied his motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell,* 6 AD3d 382, 383 [2004]; *see* CPLR 3216 [a], [e]; *Di Simone v Good Samaritan Hosp.,* 100 NY2d 632, 633 [2003]; *Baczkowski v Collins Constr. Co., supra* at 504-505). "While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay, and a meritorious cause of action . . . such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal" (*Davis v Goodsell, supra* at 383-384). For example, a plaintiff's failure to comply with a valid 90-day notice under CPLR 3216 (b) (3) "should, in the proper exercise of discretion, be excused under a variety of circumstances, including where a defendant . . . has obstructed the plaintiff's own efforts to obtain legitimate pretrial disclosure from the defendant" (*Davis v Goodsell, supra* at 384).

In this case, among other things, the appellant did not respond to the plaintiff's discovery demands, but instead moved for summary judgment, which was denied, without prejudice, by order dated May 21, 2004. Thereafter, he sent a letter to the plaintiff's counsel, dated June 21, 2004, in which he stated, in part, that "[i]n order to maintain the integrity of the discovery process," there had to be a preliminary conference, and sug-

gested that the plaintiff ask for one. The appellant served a 90-day notice on October 4, 2004. A preliminary conference was scheduled for January 7, 2005. The plaintiff's counsel's office sent a letter, dated January 7, 2005, to, among others, the appellant, noting the appellant's "inability" to attend the conference, and that it had been "re-scheduled" for January 21, 2005. At approximately the same time of the January 7, 2005, letter, the appellant made the instant motion by order to show cause, and obtained a stay of all proceedings pending the Supreme Court's hearing of his motion.

Under the circumstances, given the appellant's conduct in this case, the Supreme Court providently exercised its discretion in denying his motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.