■ NICOLA FERRARA et al., Appellants, v N.Y. & ATLANTIC RAILWAY CO. et al., Defendants and Third-Party Plaintiffs-Respondents. LONG ISLAND SIDING CONTRACTORS, LTD., Third-Party Defendant-Respondent. [808 NYS2d 761]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated July 12, 2004, which granted the separate motions of the defendant third-party plaintiff and the defendant second third-party plaintiff pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute, and granted that branch of the motion of the third-party defendant second third-party defendant which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the separate motions of the defendant third-party plaintiff and the defendant second third-party plaintiff are denied, that branch of the motion of the third-party defendant second third-party defendant which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute is denied, and the complaint is reinstated.

Under the circumstances presented, the Supreme Court improvidently exercised its discretion in dismissing the complaint pursuant to CPLR 3216 for failure to prosecute. CPLR 3216 is, "by its terms, 'extremely forgiving' in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004], quoting *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503-505 [1997]; *see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632 [2003]). The statute prohibits the Supreme Court from dismissing the complaint based on failure to prosecute where the plaintiff demonstrates a justifiable excuse for his or her delay, as well as a meritorious cause of action. However, such a "dual showing" is not strictly necessary for the plaintiff to avoid dismissal (*Davis v Goodsell, supra* at 384).

A plaintiff's failure to comply with a 90-day notice issued pursuant to CPLR 3216 (b) (3) should, in a proper exercise of discretion, be excused "under a variety of circumstances," including, inter alia, where a defendant, after having served the notice, demands additional pretrial discovery from the plaintiff (*Davis v Goodsell, supra* at 384). In this case, for example, after the 90-day notice was issued (and after the 90-day period had passed) the defendant third-party plaintiff, N.Y. & Atlantic Railway Co., moved to compel the plaintiffs to furnish certain disclosure. In addition, the third-party defendant second third-party defendant, Long Island Siding Contractors, Ltd., was not impleaded into the action until after the 90-day notice issued, and did not join issue until roughly three months after the note of issue

deadline, and then pursued disclosure against the defendants. Moreover, the plaintiffs' conduct in this litigation, including initiating motion practice after the note of issue deadline, negated any intent to abandon the action (*see Davis v Goodsell, supra* at 384).

We conclude that the circumstances presented in this case are not akin to "those where CPLR 3216 dismissals have been justified based on patterns of persistent neglect, a history of extensive delay, evidence of an intent to abandon prosecution, and lack of any tenable excuse for such delay" (*Davis v Goodsell, supra* at 384 [citations and internal quotation marks omitted]). Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.