■ DOROTHY GOLDBLUM et al., Respondents, v FRANKLIN MUNSON FIRE DISTRICT, Defendant, and FRANNKLIN HOSPITAL MEDICAL CENTER, Appellant. [815 NYS2d 593]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant Franklin Hospital Medical Center appeals from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated December 14, 2004, as denied its motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell,* 6 AD3d 382, 383 [2004]; *see* CPLR 3216 [a], [e]; *Di Simone v Good Samaritan Hosp.,* 100 NY2d 632, 633 [2003]; *Baczkowski v Collins Constr. Co., supra* at 504-505; *Tolmasova v Umarova,* 22 AD3d 570 [2005]). While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for the delay in the prosecution of the action and a meritorious cause of action (*see* CPLR 3216 [e]; *Di Simone v Good Samaritan Hosp., supra*), such a dual showing is not

strictly necessary to avoid dismissal of the action (*see Bacz-kowski v Collins Constr. Co., supra* at 503-505; *Davis v Goodsell, supra* at 383-384).

Here, the plaintiffs received the appellant's 90-day notice on May 27, 2004 and did not file a note of issue within the 90-day period. However, the facts negated any inference that the plaintiffs intended to abandon the action (*see Davis v Goodsell, supra* at 384; *Martinisi v Cornwall Hosp.*, 177 AD2d 549, 551 [1991]). The plaintiffs retained new counsel in April or May 2004, served discovery demands at about the same time as the 90-day notice was served, and engaged in further discovery during the 90-day period. Moreover, the appellant served notices to take depositions of nonparty witnesses on September 15, 2004 and the appellant delayed responding to the discovery demands, which contributed to the delay in filing the note of issue (*see Davis v Goodsell, supra* at 384; *Coleman v Baker/Mellon Stuart Constr.*, 286 AD2d 924 [2001]; *Donegan v St. Joseph's Med. Ctr.*, 283 AD2d 152 [2001]; *Matter of Simmons v McSimmons, Inc.*, 261 AD2d 547 [1999]).

Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.