■ CHERYLANN DIAZ et al., Respondents, v LILY YUAN et al., Appellants. [814 NYS2d 204]—

In an action to recover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 1, 2005, as denied that branch of their motion which was to dismiss the action pursuant to CPLR 3216 for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with costs.

"CPLR 3216 is, by its terms 'extremely forgiving' in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed . . . While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay, and a meritorious cause of action . . . such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal" (*Davis v Goodsell*, 6 AD3d 382, 383-384 [2004]; *see Ferrara v N.Y. & Atl. Ry. Co.*, 25 AD3d 753 [2006]). Here, the delay in filing a note of issue was brief—a matter of days—and there was no prejudice to the defendants. The delay was attributable to law office failure which may constitute a reasonable excuse (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393 [2004]). There was clearly no intent to abandon the action (*see Ferrara v N.Y. & Atl. Ry. Co., supra*).

Under the circumstances, the denial of the motion to dismiss was a provident exercise of discretion. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.