■ DIANE VILLANO et al., Respondents, v ST. CHARLES REHABILITATION HOSPITAL et al., Appellants, et al., Defendant. [823 NYS2d 489]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant St. Charles Rehabilitation Hospital, the defendants North Shore University Hospital, Michael Hall, Bruce Hirsch, and Bruce Farber, and the defendant Hariton H. Kousourou separately appeal from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated September 15, 2005, as denied their respective motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents, payable by the appellants appearing separately and filing separate briefs.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell,* 6 AD3d 382, 383 [2004]; see CPLR 3216 [a], [e]; *Di Simone v Good Samaritan Hosp.,* 100 NY2d 632, 633 [2003]; *Baczkowski v Collins Constr. Co., supra at* 504-505; *Tolmasova v Umarova,* 22 AD3d 570 [2005]). While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff shows a justifiable excuse for the delay in the prosecution of the action and a meritorious cause of action (*see* CPLR 3216 [e]; *Di Simone v Good Samaritan Hosp., supra*), such a dual showing is not strictly necessary to avoid dismissal of the action (*see Baczkowski v Collins Constr. Co., supra* at 503-505; *Davis v Goodsell, supra* at 383-384).

Here, the appellants began serving their 90-day notices less than two months after the parties entered into a preliminary conference order on September 23, 2004, wherein an extensive discovery schedule was set forth, and before the commencement of the parties' depositions which were to begin with the plaintiffs' depositions on March 9, 2005, and continuing with the defendants' depositions until June 22, 2005. Accordingly, the Supreme Court providently exercised its discretion in denying the appellants' motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to

prosecute. Florio, J.P., Crane, Luciano, Spolzino and Covello, JJ., concur.