■ DENICE LaBARCA ZITO, Respondent, v EDWARD JASTREMSKI, D.D.S., et al., Appellants, et al., Defendant. [825 NYS2d 255]—

In an action to recover damages for dental malpractice and lack of informed consent, the defendants Edward Jastremski and Edward Jastremski, D.D.S., P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated March 8, 2006, as denied their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see* CPLR 3216 [a],

[e]; *Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003]; *Baczkowski v Collins Constr. Co., supra* at 504-505; *Goldblum v Franklin Munson Fire Dist.*, 27 AD3d 694 [2006]). While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for the delay in the prosecution of the action and a meritorious cause of action (*see* CPLR 3216 [e]; *Di Simone v Good Samaritan Hosp., supra*), such a dual showing is not strictly necessary to avoid dismissal of the action (*see Baczkowski v Collins Constr. Co., supra* at 503-505; *Davis v Goodsell, supra* at 383-384).

The Supreme Court providently exercised its discretion in excusing the plaintiff's failure to comply with the 90-day notice, since, inter alia, the plaintiff did not intend to abandon her action and the appellants demanded additional discovery subsequent to the filing of the 90-day demand (*see Goldblum v Franklin Munson Fire Dist., supra; Davis v Goodsell, supra* at 384; *Matter of Simmons v McSimmons, Inc.*, 261 AD2d 547 [1999]; *Markarian v Hundert*, 180 AD2d 780 [1992]; *Martinisi v Cornwall Hosp.*, 177 AD2d 549 [1991]). Prudenti, P.J., Adams, Santucci and Lifson, JJ., concur.