◼ Azim F. Gadsden, Respondent, v New York City Transit Authority, Appellant. [829 NYS2d 146]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated December 13, 2005, which denied its motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in

excusing the plaintiff's failure to comply with a valid 90-day notice pursuant to CPLR 3216 (b) (3) (*see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632 633 [2003]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504-505 [1997]). The plaintiff's delay in prosecuting this action was properly excused since he was incarcerated in a state prison shortly after issue was joined (*see Hansel v Lamb*, 166 Misc 2d 593, 597 [1995], *affd* 227 AD2d 838 [1996]; *Castro v Banister*, 42 Misc 2d 387 [1964], *affd* 22 AD2d 854 [1964]). Furthermore, the facts negated any inference that the plaintiff intended to abandon the action (*see Goldblum v Franklin Munson Fire Dist.*, 27 AD3d 694 [2006]; *Matter of Simmons v McSimmons, Inc.*, 261 AD2d 547, 548 [1999]; *Martinisi v Cornwall Hosp.*, 177 AD2d 549, 551 [1991]). The plaintiff moved for leave to take his deposition while he was confined in prison (*see* CPLR 3106 [c]), and the defendant's opposition to that motion contributed to the delay in prosecuting the action (*see Tolmasova v Umarova*, 22 AD3d 570 [2005]; *Davis v Goodsell*, 6 AD3d 382, 384 [2004]; *Matter of Simmons v McSimmons, Inc., supra* at 548). After being served with the 90-day notice and upon his release from prison, the plaintiff made a good-faith effort to comply with discovery (*see McCracken v Nitto Kohki USA*, 271 AD2d 510 [2000]). Moreover, even though he was not required to do so, the plaintiff submitted an affidavit of merit and other documents, which were sufficient to demonstrate the existence of a potentially meritorious cause of action (*see Matter of Simmons v McSimmons, Inc., supra* at 548). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.