■ ANONYMOUS, Respondent, v DUANE READE, INC., Appellant. [853 NYS2d 599]—

The determination of whether to strike a pleading lies within the sound discretion of the trial court (*see* CPLR 3126 [3]; *Cianciolo v Trism Specialized Carriers,* 274 AD2d 369, 370 [2000]; *Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438 [2000]; *Brown v United Christian Evangelistic Assn.,* 270 AD2d 378, 379 [2000]). However, the drastic remedy of striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands was willful or contumacious (*see* CPLR 3126 [3]; *Harris v City of New York,* 211 AD2d 663, 664 [1995]). Contrary to the defendant's contentions, it has failed to make a clear showing that the plaintiff's failure to be deposed was willful or contumacious.

Moreover, although the plaintiff admittedly failed to serve a note of issue by the court-ordered deadline, CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]), in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell,* 6 AD3d 382, 383 [2004]; *see Di Simone v Good Samaritan Hosp.,* 100 NY2d 632, 633 [2003]). Under the circumstances of this case, where the parties had barely commenced discovery proceedings, and where a motion and cross motion to compel discovery were pending at the deadline for the service and filing of the note of issue, the Supreme Court did not improvidently exercise its discretion in refusing to dismiss the action on the basis of the plaintiff's failure to meet that deadline (*see Davis v Goodsell,* 6 AD3d 382 [2004]; *McCracken v Nitto Kohki USA,* 271 AD2d 510 [2000]; *Matter of Simmons v McSimmons, Inc.,* 261 AD2d 547 [1999]).

The defendant's remaining contentions are without merit. Rivera, J.P., Lifson, Ritter and Carni, JJ., concur.