■ Elliot Klein et al., Respondents, v MTA-Long Island Bus et al., Appellants. [877 NYS2d 195]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered October 15, 2007, as granted those branches of the plaintiffs' motion which were, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and restore the action to the trial calendar, and for summary judgment on the issue of liability, and (2) from an order of the same court entered April 28, 2008, which denied their motion, inter alia, for leave to renew their opposition to that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.

Ordered that the order entered October 15, 2007 is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered October 15, 2007 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered April 28, 2008 is dismissed as academic, without costs or disbursements, in light of the determination on the appeal from the order entered October 15, 2007.

The Supreme Court did not improvidently exercise its discre-

tion in granting that branch of the plaintiffs' motion which was to vacate the dismissal of the action pursuant to CPLR 3216, and restore the action to the trial calendar. CPLR 3216 is an "extremely forgiving statute" which "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell,* 6 AD3d 382, 383 [2004]; *see Di Simone v Good Samaritan Hosp.,* 100 NY2d 632, 633 [2003]; *Primiano v Ginsberg,* 55 AD3d 709 [2008]; *Zito v Jastremski,* 35 AD3d 458 [2006]; *Ferrara v N.Y. & Atl. Ry. Co.,* 25 AD3d 753, 754 [2006]). The statute prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever the plaintiff has shown a justifiable excuse for the delay and the existence of a meritorious cause of action (*see* CPLR 3216 [e]; *Di Simone v Good Samaritan Hosp.,* 100 NY2d at 633; *Zito v Jastremski,* 35 AD3d at 459; *Goldblum v Franklin Munson Fire Dist.,* 27 AD3d 694 [2006]).

Here, the plaintiffs moved to vacate the order dismissing the action approximately two months after it had been issued, explaining that they had been unable to file a timely note of issue because the defendants' response to several significant discovery demands was still outstanding. Moreover, the plaintiffs submitted, inter alia, their deposition testimony to establish the existence of a meritorious cause of action, and it is clear from the record that they exhibited no intent to abandon the action. Under these circumstances, the court properly vacated the dismissal of the action, and restored it to the trial calendar (*see Lubov v Welikson,* 36 AD3d 673, 674 [2007]; *Zito v Jastremski,* 35 AD3d at 459; *Diaz v Yuan,* 28 AD3d 603 [2006]; *Tolmasova v Umarova,* 22 AD3d 570 [2005]; *Goldblum v Franklin Munson Fire Dist.,* 27 AD3d 694, 695 [2006]; *Ferrara v N.Y.& Atl. Ry. Co.,* 25 AD3d at 754-755; *Davis v Goodsell,* 6 AD3d at 384).

However, upon vacating the dismissal, the court should not have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability. In support of that branch of their motion, the plaintiffs failed to present sufficient evidentiary proof to demonstrate the absence of any material issue of fact as to whether the accident was caused by the negligent actions of the defendants, and whether the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

In view of our determination, we need not reach the defendants' remaining contentions. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.