*638 In an action to recover damages for breach of contract, the defendants Jean Esposit and Esposit L.E, appeal from an order of the Supreme Court, Suffolk County (Weber, J.), dated October 24, 2008, which denied their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.
Ordered that the order is affirmed, without costs or disbursements.
The Supreme Court did not improvidently exercise its discretion in denying the appellants’ motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them. CPLR 3216 is an “extremely forgiving” statute which “never requires, but merely authorizes, the Supreme Court to dismiss a plaintiffs action based on the plaintiffs unreasonable neglect to proceed” (Davis v Goodsell, 6 AD3d 382, 383 [2004]; see Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633 [2003]; Klein v MTA-Long Is. Bus, 61 AD3d 722, 723 [2009]; Zito v Jastremski, 35 AD3d 458 [2006]; Diaz v Yuan, 28 AD3d 603 [2006]; Ferrara v N.Y. & Atl. Ry. Co., 25 AD3d 753, 754 [2006]). The statute prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever the plaintiff has shown a justifiable excuse for the delay and the existence of a meritorious cause of action (see CPLR 3216 [e]; Di Simone v Good Samaritan Hosp., 100 NY2d at 633; Zito v Jastremski, 35 AD3d at 459; Goldblum v Franklin Munson Fire Dist., 27 AD3d 694 [2006]). However, “such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal” (Davis v Goodsell, 6 AD3d at 384; see Zito v Jastremski, 35 AD3d at 459; Ferrara v N.Y. & Atl. Ry. Co., 25 AD3d at 754).
Here, the plaintiff filed her note of issue just four days beyond the deadline set by the court’s compliance conference order, and the appellants were not prejudiced thereby. Moreover, the record contains no indication of a history of persistent neglect or extensive delay, or any intent to abandon the action. Under these circumstances, the court did not improvidently exercise its discretion in excusing the plaintiffs failure to meet its deadline for filing the note of issue (see Zito v Jastremski, 35 AD3d at 459; Diaz v Yuan, 28 AD3d 603 [2006]; Ferrara v N.Y. & Atl. Ry. Co., 25 AD3d at 754-755; Davis v Goodsell, 6 AD3d at 384). Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.