■ KATHRYN M. ATTERBERRY, Appellant, v SERLIN & SERLIN et al., Respondents. (And Another Title.) [925 NYS2d 860]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated August 5, 2010, which denied her motion to vacate the dismissal of the action pursuant to CPLR 3216 and to extend her time to file a note of issue.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3216 and to extend the time to file a note of issue is granted.

CPLR 3216 is an "extremely forgiving" statute (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]), which "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003]; *Gibson v Fakheri*, 77 AD3d 619 [2010]; *Ferrera v Esposit*, 66 AD3d 637, 638 [2009]). Although the statute prohibits the Supreme Court from dismissing an action based on failure to prosecute whenever the plaintiff has shown a justifiable excuse

for the delay and the existence of a potentially meritorious cause of action, "such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal" (*Davis v Goodsell*, 6 AD3d at 384; *see Baczkowski v Collins Constr. Co.*, 89 NY2d at 503-504; *Gibson v Fakheri*, 77 AD3d 619 [2010]; *Ferrera v Esposit*, 66 AD3d at 638).

Here, the plaintiff attempted to file her note of issue 10 days beyond the deadline set by the Supreme Court's certification order, and the defendants did not claim that they have been prejudiced by the minimal delay (*see Kadyimov v Mackinnon*, 82 AD3d 938 [2011]). In addition, the delay in filing a note of issue was attributable to law office failure, and the plaintiff proffered both a reasonable excuse for her further two-month delay in making this motion and a potentially meritorious cause of action (*see* CPLR 2005; *Lauri v Freeport Union Free School Dist.*, 78 AD3d 1130 [2010]; *Goldstein v Meadows Redevelopment Co Owners Corp. I*, 46 AD3d 509, 510 [2007]; *Diaz v Yuan*, 28 AD3d 603 [2006]). Furthermore, there is no evidence in the record of a pattern of persistent neglect and delay in prosecuting the action, or of any intent to abandon the action. Under these circumstances, the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3216 and to extend her time to file a note of issue should have been granted (*see Kadyimov v Mackinnon*, 82 AD3d 938 [2011]; *Ferrera v Esposit*, 66 AD3d at 638; *Anonymous v Duane Reade, Inc.*, 49 AD3d 479 [2008]; *Diaz v Yuan*, 28 AD3d 603 [2006]). Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.