■ MARK BELSON, Respondent, v DIX HILLS AIR CONDITIONING, INC., et al., Appellants. [990 NYS2d 49]—

In an action to recover damages for unlawful termination of employment and discrimination in employment on the basis of disability in violation of Executive Law § 296, the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 23, 2012, which denied their motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute the action.

Ordered that the order is affirmed, with costs.

Where, as here, a plaintiff has been served with a 90-day demand pursuant to CPLR 3216 (b) (3), that plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day period (*see Griffith v Wray*, 109 AD3d 512 [2013]; *Cope v Barakaat*, 89 AD3d 670, 671 [2011]; *Gagnon v Campbell*, 86 AD3d 623, 624 [2011]; *Sanchez v Serje*, 78 AD3d 1155, 1156 [2010]). Here, the plaintiff failed to do either within the 90-day period. Therefore, in order to excuse his default, the plaintiff was required to demonstrate a justifiable excuse for his failure to timely file the note of issue or move to either vacate the demand or extend the 90-day period, as well as a potentially meritorious cause of action (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Furrukh v Forest Hills Hosp.*, 107 AD3d 668 [2013]; *Jedraszak v County of Westchester*, 102 AD3d 924 [2013]; *Davies v Baranovich*, 87 AD3d 1049, 1049 [2011]). The determination of what constitutes a reasonable excuse lies within the discretion of the motion court (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004];

*Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]).

Nevertheless, CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.*, 89 NY2d at 503), in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003]; *Baczkowski v Collins Constr. Co.*, 89 NY2d at 504-505; *Atterberry v Serlin & Serlin*, 85 AD3d 949 [2011]). Thus, "the statute prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever the plaintiff has shown a justifiable excuse for the delay and the existence of a potentially meritorious cause of action" (*Kadyimov v Mackinnon*, 82 AD3d 938, 938 [2011]), but depending on the circumstances, a plaintiff is not always required to establish both a justifiable excuse and a potentially meritorious cause of action to avoid such a dismissal (*see Davis v Goodsell*, 6 AD3d at 383-384).

In this case, the plaintiff demonstrated that he did not intend to abandon the action and that there were ongoing discovery proceedings conducted during the time period involved. Moreover, there was no evidence that the defendants were prejudiced by the plaintiff's failure to file a note of issue within the relevant 90-day period. Finally, the plaintiff demonstrated the potential merit of his case by submitting the transcripts of the depositions of the parties and a nonparty witness, as well as documentary evidence. Under these circumstances, it cannot be said that the Supreme Court improvidently exercised its discretion in denying the defendants' motion to dismiss the complaint for failure to prosecute the action. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.

Motion by the respondent on an appeal from an order of the Supreme Court, Suffolk County, dated April 23, 2012, inter alia, to impose a sanction upon the appellants and for an award of costs and an attorney's fee. By decision and order on motion of this Court dated February 13, 2013, among other things, that branch of the motion which is to impose sanctions on the appellants and for an award of costs and an attorney's fee was referred to the panel of Justices hearing the appeal for determination upon the submission or argument of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to impose

sanctions upon the appellants and for an award of costs and an attorney's fee is denied. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.