## Board of Mgrs. of the Dorchester Towers Condominium v Hwang

2024 NY Slip Op 30030(U)

January 4, 2024

Supreme Court, New York County

Docket Number: Index No. 161833/2018

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. ERIC SCHUMACHER</u>          PART    23M
                                         *Justice*
-------------------------------------------------------------X

BOARD OF MANAGERS OF THE DORCHESTER
TOWERS CONDOMINIUM,

                              Plaintiff,

                    - v -

ALISON HWANG et al.,

                              Defendants.

-------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161833/2018 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

**NYSCEF doc nos. 80-108 were read on this motion to dismiss.**

Motion seq. no. 004 by defendant Alison Hwang (hereinafter Hwang) pursuant to CPLR 3126 and CPLR 3216 for dismissal of the complaint is denied.

## BACKGROUND

The Condo's Board of Managers (hereinafter the Board) commenced this action on December 18, 2018, alleging that Hwang, an owner of a condominium unit (hereinafter the apartment) located in the Dorchester Towers Condominium (hereinafter the Condo) permitted and failed to adequately address the nuisance behavior of defendants Wing Ming Infante and Antonino Dolcimascolo (hereinafter the tenants) that occurred while they were renting the apartment pursuant to a lease agreement between them and Hwang (NYSCEF doc no. 1).

The Board initially sought declaratory and injunctive relief as well as a monetary judgment as to its allegations (id.). During the pendency of this case, Hwang brought a summary holdover proceeding in Civil Court, based upon nuisance behavior, to evict the tenants (NYSCEF doc no. 20). At the same time, the Board sought a preliminary injunction against defendants compelling them to comply with the Condo's By-Laws and Rules and Regulations and to cease their nuisance behavior. The prior motion court signed the order to show cause (hereinafter the OSC) and granted the Board a temporary restraining order barring specific instances of nuisance behavior (NYSCEF doc no. 9). Before oral argument on the OSC, the holdover proceeding was settled by stipulation (NYSCEF doc no. 30), and the tenants vacated the apartment (see NYSCEF doc no. 38).

The Board reported to the court by letter, dated March 14, 2019, that injunctive relief was no longer needed as the tenants had vacated the apartment. The Board maintains its claims for monetary damages for costs allegedly incurred as a result the tenants' nuisance behavior and for an award of attorneys' fees (id.).

[* 1]

The parties have since engaged in motion practice and begun discovery. Following the Board's non-compliance with the prior court's preliminary conference order (NYSCEF doc no. 46), and failure to comply with Hwang's initial discovery demands, Hwang moved in October 2019 in motion seq. no. 003 to dismiss the complaint or to compel the Board's responses. The filing of that motion coincided with COVID-19, and ultimately this court denied the motion as moot, as the Board had belatedly provided the discovery at issue (NYSCEF doc no. 69).

On November 4, 2021, Hwang filed a 90-day notice to resume prosecution of the action pursuant to CPLR 3216 (NYSCEF doc no. 72), along with a notice to admit and a notice of deposition of plaintiff (NYSCEF doc nos. 73-74), followed by additional discovery demands (NYSCEF doc nos. 75-77). The parties thereafter communicated about an extension to respond to the notice to admit and regarding the scheduling of depositions. On February 3, 2022, the Board responded to Hwang's notice to admit (NYSCEF doc no. 78), and Hwang rejected it as untimely (NYSCEF doc no. 79).

Hwang now moves pursuant to CPLR 3126 to dismiss the complaint for failure to comply with discovery demands, and, insofar as raised in the moving papers, pursuant to CPLR 3216 to dismiss the complaint for want of prosecution.

## DISCUSSION

Hwang argues the Board has failed to complete discovery or otherwise move this case toward trial. Hwang further argues that the deadline for plaintiff to file a note of issue in response to the 90-day demand expired on February 2, 2022, and that, as of the date of this motion, the Board still has not filed a note of issue or requested an extension of time to do so, nor has the Board completed discovery. Hwang further argues that the Board has failed to respond to repeated requests, over the course of several months, to provide deposition dates for a Board representative or for representatives of the Board's management company, nor has the Board tried to schedule the deposition of any defendant in this case.

The Board argues that the motion was made without any good-faith warning or indication that Hwang would move for such relief if deposition dates were not set by a stated date. The Board further argues that Hwang's motion is unwarranted on the law and on the facts because the Board was in contact with Hwang's counsel with the purpose of scheduling the requested discovery after receipt of Hwang's various discovery demands in November 2021 and in January 2022. The Board maintains that Hwang perceived a discovery dispute when in fact there was none, as the Board was making efforts to comply with Hwang's discovery demands and Hwang should have sought a conference with the prior court to address any discovery issues before moving. The Board also argues that it could not legitimately file the note of issue in response to Hwang's 90-day notice as discovery was outstanding.

Hwang argues that the Board does not dispute that Hwang has satisfied the requirements for dismissal pursuant to CPLR 3216, nor does the Board dispute that it did not file a note of issue or move for an extension of time to do so. Hwang further argues that the Board fails to offer a valid excuse for the delay or demonstrate that it has a meritorious cause of action. Hwang also argues that the Board cannot establish a meritorious cause of action as it submitted only an

attorney's affirmation and failed to provide an affidavit from a person with knowledge. Further, Hwang argues that the affirmation supplied by the Board's counsel is insufficient, as it fails to mention any particulars of the Board's claims against Hwang.

*Dismissal pursuant to CPLR 3126*

CPLR 3126 provides that if a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed . . . , the court may make such orders with regard to the failure or refusals as are just." Such an order may include "dismissing the action" (see CPLR 3126 [3]). It is within the trial court's discretion to determine the nature and degree of the penalty (see Kihl v Pfeffer, 94 NY2d 118, 122 [1999]), as "[a] trial court has discretion to strike pleadings pursuant to CPLR 3126 when a party's repeated noncompliance is dilatory, evasive, obstructive and ultimately contumacious" (CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318 [2014] [internal citations and quotation marks omitted]). A failure to respond to a party's discovery demands should be commensurate with the sanction (see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877 [2013]). "It is not a sanction to be routinely imposed whenever a party fails to comply with any item of discovery, without regard for that party's substantial compliance efforts or its legitimate objections to the scope of an opponent's demands" (Commerce & Indus. Ins. Co. v Lib-Com, Ltd., 266 AD2d 142, 145 [1st Dept 1999]).

Hwang served a 90-day notice to resume prosecution immediately followed by additional demands for discovery. Those additional discovery demands were the subject of ongoing discussion and communication between the parties right up to the filing date of the instant motion. While Hwang asserts that the Board failed to comply with the deadline to file a note of issue and has yet to complete discovery, Hwang does not submit any evidence that the Board engaged in willful or contumacious conduct regarding the delay in the Board's compliance with Hwang's discovery demands that would merit the dismissal of the Board's complaint.

As such, Hwang has failed to demonstrate entitlement to a sanction pursuant to CPLR 3126.

*Dismissal Pursuant to CPLR 3216*

Initially, the court notes that the notice of motion does not specifically seek relief pursuant to CPLR 3216. Yet the moving papers articulate a relevant argument for dismissal on this basis, the Board responded to this argument in its opposition papers, and the notice of motion contains a general prayer for relief. As such, the court will treat the motion as one with a branch seeking relief pursuant to CPLR 3216 insofar as raised in the moving papers and in deference to the course charted by the parties (see Robert v Azoulay Realty Corp., 209 AD3d 781, 784-785 [2d Dept 2022]; Bank of Am., N.A. v Diaz, 160 AD3d 457, 458 [1st Dept 2018]; HCE Assoc. v 3000 Watermill Lane Realty Corp., 173 AD2d 774, 774-775 [2d Dept 1991]).

CPLR 3216(a) provides, "[w]here a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party . . . or unreasonably fails to serve and file a note of issue, the court . . . may dismiss the party's pleading." A party

**161833/2018   BD. OF MGRS. OF THE DORCESTER TOWERS CONDOMINIUM v HWANG et al.**      Page 3 of 5
**Motion No.  004**

[* 3]

served with a demand to resume prosecution under CPLR 3216(b)(3) must comply by filing a note of issue within 90 days or by moving either to vacate the notice or to extend the time to comply (see Austin v Gould, 159 AD3d 422, 422 [1st Dept 2018]; Grant v City of NY, 17 AD3d 215 [1st Dept 2005]). In the event plaintiff fails to file a note of issue, after having been served with a written demand to resume prosecution, a justifiable excuse for the delay and a potentially meritorious cause of action must be demonstrated (see CPLR 3216 [e], see also Umeze v Fidelis Care N.Y., 17 NY3d 751, 751 [2011]; Rozefort v Bronx Lebanon Hosp. Ctr., 191 AD3d 586 [1st Dept 2021]; Di Simone v Good Samaritan Hosp., 100 NY2d 632 [2003]).

It is well-settled that CPLR 3216 is extremely forgiving of litigation delay and that such a dual showing is not strictly necessary to avoid dismissal of the action (see Baczkowski v D.A. Collins Constr. Co., 89 NY2d 499, 503-505 [1997]). There are a variety of circumstances in which the failure to comply with a CPLR 3216 demand should be excused in the exercise of proper discretion, including, where, as here, additional discovery was demanded after the filing of the 90-day demand (see Zito v Jastremski, 35 AD3d 458 [2d Dept 2006]).

In accordance with Hwang's 90-day demand, the Board was obligated to file its note of issue by February 2, 2022, yet the parties were still discussing the scheduling of depositions on January 24, 2022. While "litigation cannot be conducted efficiently if deadlines are not taken seriously" (Cadichon v Facelle, 18 NY3d 230, 236 [2011] [internal quotation marks and citations omitted]), under the circumstances, the court finds that the Board could not have filed a note of issue within the prescribed time, as discovery was outstanding, and the case was not yet trial ready, without making a material misrepresentation on the certificate of readiness.

Moreover, the court finds that Hwang's argument that the Board's affirmation in opposition fails to demonstrate that the Board has a meritorious cause of action is unavailing. Detailed allegations contained in a verified complaint not only establish a meritorious cause of action, but also satisfy the requirement of showing merit in opposition to a motion to dismiss pursuant to CPLR 3216 (see Solomon Capital, LLC v Lion Biotechnologies, Inc., 194 AD3d 502 [1st Dept 2021]). Here, the court finds that the allegations of the complaint establish a meritorious cause of action.

Hwang's service of additional discovery demands after service of the 90-day demand is problematic, as it created an unreasonable expectation that the Board would be able to comply with a restrictive timeframe to satisfy the outstanding discovery demands. Further, Hwang has not demonstrated that the Board's delay here was willful or with intent to abandon the action (see Di Simone v Good Samaritan Hosp., 100 NY2d 632 [2003]).

As such, Hwang has failed to demonstrate entitlement to dismissal pursuant to CPLR 3216.

[* 4]

## CONCLUSION

Accordingly, it is

ORDERED that the motion is denied, and it is further

ORDERED that the parties shall appear in Part 23, located at 71 Thomas Street Room 304, New York, New York 10013-3821, on Wednesday, January 17, 2024, at 9:30 a.m., for a discovery conference.

The foregoing constitutes the decision and order of the court.

| | | |
|---|---|---|
| **1/4/2024** | | |
| **DATE** | | **ERIC SCHUMACHER, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161833/2018   BD. OF MGRS. OF THE DORCESTER TOWERS CONDOMINIUM v HWANG et al.**          Page 5 of 5
**Motion No.  004**