■ DEALZA PASTORE et al., Respondents, v GOLUB CORPORATION et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered August 12, 1991 in Saratoga County, which denied defendants' motion to dismiss the complaint for failure to prosecute.

Defendants contend that Supreme Court erred in denying their motion to dismiss the complaint for plaintiffs' failure to comply with the 90-day demand to file a note of issue (CPLR 3216). According to defendants, the motion should have been granted because plaintiffs, who did not move before default to vacate the demand or extend the 90-day period, failed to demonstrate a justifiable excuse and meritorious cause of action (*see, Mason v Simmons,* 139 AD2d 880). We conclude that Supreme Court did not abuse its discretion and, therefore, affirm the order.

Plaintiffs' counsel alleges that he failed to file the note of issue because of his clients' emotional turmoil and indecision over whether to proceed to trial or accept defendants' settlement offer. Counsel's failure to protect his clients' rights during this period of indecision, either by complying with the

demand or seeking to have it vacated or the 90-day period extended, is, in our view, akin to law office failure, which can constitute a justifiable excuse *(see, e.g.,* CPLR 2005; *Miskiewicz v Hartley Rest. Corp.,* 58 NY2d 963). In the absence of any evidence that plaintiffs failed to diligently pursue this lawsuit, or engaged in dilatory tactics, or that defendants were required to obtain numerous court orders for routine matters, we see no abuse of discretion in Supreme Court's acceptance of the excuse *(cf., Nichols v Agents Serv. Corp.,* 133 AD2d 912, 914).

Although the affidavit of merit is from plaintiffs' attorney, who has no first-hand knowledge of the happening of the accident, the affidavit refers to an examination before trial of one of defendants' employees, and the record contains the bill of particulars, verified by plaintiffs, which contains sufficient factual allegations concerning the happening of the accident and the nature of the injuries. Accordingly, Supreme Court did not abuse its discretion in concluding that plaintiffs had sufficiently demonstrated a meritorious cause of action to avoid the sanction of dismissal.

Weiss, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.