■ SHELDON HANSEL et al., Respondents, v THEODORE E. LAMB, JR., Appellant. [642 NYS2d 407] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Ingraham, J.), entered October 10, 1995 in Otsego County, which denied defendant's motion to dismiss the complaint for want of prosecution.

This negligence action was commenced in 1990. A note of issue, reflecting service of the pleadings and bill of particulars, as well as completion of physical examinations and the exchange of medical reports, was filed in April 1993 and trial was originally scheduled for February 1994. Because plaintiffs' treating physician was unable to testify in February 1994, the trial was rescheduled for June 27, 1994. Two weeks prior thereto, however, plaintiffs' counsel, who was then recovering from surgery, requested a further adjournment, prompting Supreme Court to strike the note of issue, with leave to refile within one year.

On November 16, 1994, upon becoming aware that plaintiff Sheldon Hansel had pleaded guilty to a Federal indictment, defendant's attorney asked that plaintiffs inform him of their intentions regarding continued prosecution of the case. Having received no response, on March 9, 1995 defendant served and filed a demand, in accordance with CPLR 3216 (b) (3), to resume prosecution by filing a note of issue within 90 days; plaintiffs received the demand the following day. Hansel, who was thereafter sentenced to serve 16 months in prison, was actually incarcerated on May 8, 1995. On June 14, 1995—five days after the expiration of the 90-day period, and precisely one year from the date the case was originally removed from the calendar—plaintiffs filed a second note of issue. Defendant promptly moved to dismiss the action for want of prosecution, which motion was denied, except to the extent of striking the note of issue with leave to refile within 30 days after Hansel's release from incarceration, upon payment by plaintiffs' attorney to defense counsel of a monetary sanction. Defendant appeals.

At the outset, we reject plaintiffs' contention that the striking of the note of issue, which results in automatic dismissal if the case is not restored within a year (*see,* CPLR 3404), precludes defendant from seeking relief provided by CPLR 3216 before that year has elapsed (*see, Cascio v O'Daly,* 221 AD2d 494, 495).

Regarding the merits of defendant's motion, we find Supreme

Court's refusal to order dismissal in this case not inappropriate. Because plaintiffs failed to file the note of issue within the statutory 90-day period, it was incumbent upon them to demonstrate both a justifiable excuse for their delay and that their cause of action is meritorious (*see, Lichter v State of New York*, 198 AD2d 687, 687-688). The viability of the excuse proffered must, however, be considered in conjunction with the other relevant factors, including the degree of merit shown, the extent of the delay, the likelihood of prejudice to defendant and any evidence that plaintiffs intended to abandon the action (*see, supra*, at 688; *Holdorf v Oneonta Urban Renewal Agency*, 99 AD2d 865, 866).

The verified complaint, which sets forth the specific facts underlying plaintiffs' allegations of negligence, as supplemented by uncontroverted excerpts from defendant's deposition testimony (which disclose that a farm tractor Hansel was operating, on or near the shoulder of the roadway, was struck in the rear by a vehicle operated by defendant), provides ample evidence of merit (*see, Pastore v Golub Corp.*, 184 AD2d 827, 828; *Conner v Brasserie, Inc.*, 136 AD2d 481). And, the record as a whole provides sufficient basis for concluding that the delays in bringing this case to trial were not a manifestation of plaintiffs' intent to abandon the action, but rather the product, in large part, of the debilitating illnesses of plaintiffs' attorney and, more recently, Hansel's incarceration (he is apparently still confined) on unrelated charges (*cf., Holdorf v Oneonta Urban Renewal Agency, supra*, at 866-867). Where, as in this instance, plaintiffs have filed a note of issue within several days of the expiration of the statutory period, there is no evidence that the delay complained of has caused prejudice to defendant and the complaint appears to have merit, the Supreme Court cannot be said to have abused its discretion in finding these excuses sufficient to preclude the drastic remedy of dismissal (*see, Lichter v State of New York, supra*, at 688; *Conner v Brasserie, Inc., supra*, at 481; *cf., Houck v Golub Corp.*, 217 AD2d 736, 736-737).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs. [*See,* 166 Misc 2d 593.]