◼ URSULA H. KING et al., Appellants, v F. ROBERT JORDAN, JR., Respondent. [664 NYS2d 633] —Cardona, P. J. Appeal from

an order of the Supreme Court (Kahn, J.), entered April 9, 1996 in Albany County, which granted defendant's motion to dismiss the complaint for want of prosecution.

In April 1990, after detecting a lump in her right breast, plaintiff Ursula H. King (hereinafter plaintiff) was referred to defendant, a surgeon. Defendant performed a biopsy on the mass, found evidence of cancer and recommended that plaintiff undergo a radical mastectomy, i.e., surgery to remove her right breast. The parties dispute whether defendant also discussed with plaintiffs the option of performing a lumpectomy which would have involved removal of the mass itself as opposed to the entire breast. In any event, plaintiff agreed to the mastectomy and, after the surgery was performed, a pathology report issued on April 23, 1990 allegedly revealed no evidence of residual carcinoma in the right mastectomy specimen.

Plaintiffs thereafter commenced this action in January 1993 against defendant alleging, *inter alia*, that he had failed to inform them of the alternatives and/or options of treatment available to plaintiff and negligently performed an unnecessary and contraindicated surgical procedure. On March 25, 1995, defendant served plaintiffs with a supplemental response to plaintiffs' demand pursuant to CPLR 3101 (d) alleging that the April 23, 1990 pathology report was erroneous and that an expert would testify that the pathology slides showed cancer and a residual tumor in the right breast, that the cancer was too advanced for a lumpectomy and that defendant's judgment in recommending a right modified radical mastectomy was sound and within the bounds of acceptable medical practice.

On July 18, 1995, defendant served plaintiffs with a 90-day demand for filing a note of issue (*see*, CPLR 3216 [b] [3]). Although defendant agreed to extend the deadline until October 27, 1995, plaintiffs failed to respond by that date and sought no further extensions. Plaintiffs' inaction prompted defendant, by notice of motion dated December 18, 1995, to move to dismiss the complaint for want of prosecution. Supreme Court granted the motion and this appeal by plaintiffs ensued.

Since plaintiffs did not serve or file a timely note of issue and did not move to extend their time to do so, defendant's motion to dismiss should be granted unless plaintiffs are able to demonstrate "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]; *see, Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503; *Hansel v Lamb*, 227 AD2d 838, 839; *Lichter v State of New York*, 198 AD2d 687, 687-688). In determining whether a given excuse is sufficient, "a court must consider the degree of merit shown, as well as

such other factors as the extent of the delay, the seriousness of the plaintiff's injury, undue prejudice to the defendant, if any, caused by the delay and whether the plaintiff intended to abandon the suit" (*Lichter v State of New York, supra,* at 688).

Here, while the explanation for the delay from plaintiffs' counsel was not compelling, there is no indication in the record "that plaintiffs failed to diligently pursue this lawsuit, or engaged in dilatory tactics, or that defendant[ ] [was] required to obtain numerous court orders for routine matters" (*Pastore v Golub Corp.,* 184 AD2d 827, 828). Furthermore, the delay was not lengthy and we find no substantive evidence of prejudice to defendant or any intent by plaintiffs to abandon their claim. In addition, although Supreme Court concluded that plaintiffs had not sufficiently presented proof of merit, our review of the record reveals questions of fact as to, *inter alia,* the actual extent of cancer in plaintiff's right breast, the appropriate medical procedure that should have been performed and a dispute as to the informed consent issue. Although defendant relies on his expert affidavit as dispositive of the matter, we note that this is not a summary judgment motion.

Thus, under the particular circumstances presented here, we attribute the failure to follow appropriate procedures to law office failure (*see, Pastore v Golub Corp., supra*) and, instead of penalizing plaintiffs for the error, we exercise our discretion to impose a monetary sanction upon plaintiffs' counsel of $2,000, payable to defendant (*see generally, Lichter v State of New York, supra,* at 688-689; *see, Holdorf v Oneonta Urban Renewal Agency,* 99 AD2d 865, 867).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and defendant's motion to dismiss denied on the condition that plaintiffs' counsel pay $2,000 to defendant within 45 days after service of a copy of the order to be granted hereon with notice of entry, failing which, the order is affirmed, with costs to defendant.