■ JOSEPH V. OLEJAK, Formerly Known as JOSEPH V. BARILE, Appellant, v TOWN OF SCHODACK et al., Respondents. [742 NYS2d 924] —Carpinello, J. Appeal from an order of the Supreme Court (Canfield, J.), entered August 27, 2001 in Rensselaer County, which granted defendants' motion to dismiss the complaint for failure to prosecute.

Plaintiff commenced this action for damages arising out of his alleged unlawful arrest for the crime of improperly disposing of a uniform traffic ticket (*see*, Vehicle and Traffic Law § 207 [5]). Issue was joined in July 1999, a bill of particulars was served a month later and depositions were completed in October 1999. The record contains no evidence of any further activity until January 18, 2001, when defendants served a 90-day demand to file a trial term note of issue. Several days prior to the expiration of the 90-day period, plaintiff's counsel sent a letter soliciting a settlement offer from defendants. Having previously indicated that no settlement offer would be forthcoming, defense counsel did not respond. By letter dated June 1, 2001, plaintiff's counsel advised defendants that he was preparing to file a note of issue and questioned whether he needed to provide some medical documentation that he may have neglected to provide in response to earlier demands. By notice of motion dated June 25, 2001, defendants moved for dismissal of the complaint pursuant to CPLR 3216 or for summary judgment. Supreme Court granted the CPLR 3216 aspect of the motion and plaintiff now appeals.

"CPLR 3216 * * * is extremely forgiving of litigation delay" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503). Thus,

despite his failure to comply with a 90-day demand, "plaintiff ha[d] yet another opportunity to salvage the action simply by opposing the motion to dismiss with a justifiable excuse and an affidavit of merit" (*id.* at 503). Notwithstanding his confusion over whether discovery was complete, "plaintiff failed to establish that he 'pressed forward as diligently as possible after being served with the 90-day demand' " (*Hogan v City of Kingston*, 243 AD2d 981, 982, *lv dismissed and denied* 91 NY2d 907, quoting Siegel, NY Prac § 375, at 559 [2d ed]). Plaintiff's attempt to initiate settlement negotiations is also insufficient to justify his failure to comply with the 90-day demand (*see*, *Brady v Mastrianni, Abbuhl & Murphy*, 187 AD2d 858, 859; *Berna v Monroe Community Coll.*, 91 AD2d 1199). Accordingly, we agree with Supreme Court that plaintiff failed to demonstrate the requisite justifiable excuse. Although the court possessed "residual discretion" to deny defendants' CPLR 3216 motion to dismiss despite plaintiff's tender of an inadequate excuse, "this discretion should be exercised sparingly" (*Baczkowski v Collins Constr. Co.*, *supra* at 504). The record in this case provides no basis for such an exceptional exercise of discretion.

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.