■ MICHAEL MRVA et al., Respondents, v DEBRA J. YAVORSKI et al., Appellants. [793 NYS2d 599]—

Rose, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered August 9, 2004 in Broome County, which denied defendants' motions to dismiss the complaint for failure to prosecute.

Plaintiff Emily Mrva and her husband, derivatively, originally commenced this action in 2001 against defendant Debra J. Yavorski, alleging that Mrva had fallen and injured herself in October 2000 when several large dogs owned by Yavorski charged her in a threatening manner. Plaintiffs' complaint was subsequently amended in June 2002 to name Our Lady of

Lourdes Memorial Hospital, Inc. (hereinafter the hospital) as defendant in a second claim, alleging that Mrva had aggravated her injuries in February 2001 after falling on a poorly maintained parking lot on the hospital premises. Issue was joined as to both defendants by July 2002. A year and a half later, Yavorski and the hospital served plaintiffs with 90-day demands for filing a note of issue (see CPLR 3216 [b] [3]). When plaintiffs neither filed a note of issue nor moved for an extension of time in which to do so, defendants each moved to dismiss the complaint for failure to prosecute. Supreme Court denied both motions, prompting this appeal.*

We affirm. To defeat defendants' motions to dismiss for failure to prosecute, plaintiffs were required to proffer an excuse justifying the delay in filing the note of issue and proof that their causes of action had merit (see Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633 [2003]; Alise v Colapietro, 119 AD2d 921, 921 [1986]). In our view, the affirmation of plaintiffs' counsel, who took sole responsibility for the filing delay and explained that it had been precipitated by the serious illness of a close family member for whom he was providing care, and the unexpected departures of his firm's only other partner and only secretary, provided a sufficient excuse (see Pastore v Golub Corp., 184 AD2d 827, 827-828 [1992]).

We are further satisfied that the affidavits submitted by plaintiffs adequately demonstrated a credibly meritorious claim in evidentiary form against each defendant, as they recited evidentiary facts within their personal knowledge detailing the harms alleged (see DeLisa v Pettinato, 189 AD2d 988, 988-989 [1993]; Pastore v Golub Corp., supra at 828; Holdorf v Oneonta Urban Renewal Agency, 99 AD2d 865, 866-867 [1984]). Mindful that CPLR 3216 is "extremely forgiving of litigation delay" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; see Olejak v Town of Schodack, 295 AD2d 679, 679-680 [2002]), and noting that the delay was not extensive and did not unduly prejudice defendants or signify plaintiffs' intent to abandon the action or engage in dilatory tactics (see King v Jordan, 243 AD2d 951, 952-953 [1997]; Pastore v Golub Corp., supra at 828), we cannot say that Supreme Court's denial of defendants' motions for failure to prosecute constituted an abuse of discretion under the circumstances.

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

---

* In addition to denying the motions, Supreme Court apparently also imposed a monetary sanction upon plaintiffs for the delay in filing the note of issue, although its order does not so indicate.