■ CHAD OFIARA, Appellant, v NIKE, INC., Respondent. [799 NYS2d 652]—

Crew III, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered June 3, 2003 in Fulton County, which granted defendant's motion to dismiss the complaint for want of prosecution.

Plaintiff commenced this action in November 1998 seeking to recover for injuries he purportedly sustained as the result of an alleged defect in a pair of Nike athletic shoes. Issue was joined in November 2000, at which time defendant also served various discovery demands upon plaintiff. Plaintiff thereafter failed to respond to defendant's discovery demands and, by letter dated December 27, 2001, defendant demanded that plaintiff serve and file a note of issue within 90 days in accordance with CPLR 3216. When plaintiff failed to do so, defendant moved to dismiss the complaint for want of prosecution. Supreme Court granted defendant's motion, and this appeal by plaintiff ensued.

Although acknowledging that he received defendant's December 2001 letter and failed to timely respond thereto, counsel for plaintiff nonetheless asserts that such document fails to meet the statutory requirements for a 90-day demand pursuant to CPLR 3216. We cannot agree. Contrary to counsel's assertion, defendant's demand was not "buried" in the midst of a lengthy piece of legal correspondence. The relatively brief letter, which was sent by certified mail, states in no uncertain terms that it is a demand pursuant to CPLR 3216 for plaintiff to resume prosecution of this action and file a note of issue within 90 days of plaintiff's receipt of the letter. Such letter further states that plaintiff's failure to comply with such demand would serve as the basis for defendant's motion to dismiss plaintiff's complaint.

Based upon our review of the record and the underlying statute, it is clear that defendant's December 2001 letter conforms with the demand requirements of CPLR 3216 (b) (3). Inasmuch as plaintiff failed to advance a "justifiable excuse for the delay

and a good and meritorious cause of action" (CPLR 3216 [e]), we cannot say that Supreme Court abused its discretion in granting defendant's motion to dismiss plaintiff's complaint for want of prosecution (*see Olejak v Town of Schodack*, 295 AD2d 679, 679-680 [2002]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.