█ JUAN JIMENEZ et al., Respondents, v NICHOLA HAROS et al., Appellants. [834 NYS2d 169]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered January 12, 2006, which, inter alia, denied defendants' motion to dismiss for failure to prosecute, and for plaintiffs' noncompliance with a 90-day notice, and order, same court (Sallie Manzanet-Daniels, J.), entered on or about October 10, 2006, which denied, as untimely, defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants' motion to dismiss for noncompliance with their 90-day notice, served after plaintiffs had filed a note of issue and certificate of readiness in May 2001, was properly denied (*see* CPLR 3216 [d]; *Chase v Scavuzzo*, 87 NY2d 228 [1995]). Contrary to defendants' contention, plaintiffs' note of issue had not been vacated by the order entered August 20, 2001. Even if it had been, the record demonstrates that plaintiffs did not abandon the action. In response to the 90-day notice, they offered a justifiable excuse for the purported delay in prosecuting the action and demonstrated a meritorious cause of action (*see* CPLR 3216; *Grant v City of New York*, 17 AD3d 215 [2005]). According to the record, all depositions and other discovery requests had been satisfied prior to the imposition of a nearly three-year stay of the proceedings due to defendants' insurer's liquidity issues and the placement of its assets with a trustee. Once the stay was lifted, and new counsel was appointed for defendants, defendants sought additional discovery while, nearly simultaneously, serving a 90-day notice. Plaintiffs complied with the additional discovery requests within a reasonable time under difficult circumstances not entirely of their making.

Defendants' summary judgment motion was properly denied as untimely, having been made more than 120 days after the filing of the note of issue, and the record does not indicate good cause for the delay (*see* CPLR 3212 [a]). Although defendants attribute the delay to their need of an independent medical exam, there is no indication that the exam had any bearing on the liability issues raised in the summary judgment motion. A grant of summary judgment would, in any case, have been inap-

propriate since there are triable issues as to liability, and defendant presented no competent evidence in support of its contention that defendant Jinete Realty is an improper party. Concur—Mazzarelli, J.P., Saxe, Sullivan, McGuire and Kavanagh, JJ.