◼ MICHAEL PRIMIANO et al., Appellants, v LAURENCE T. GINSBERG et al., Defendants and Third-Party Plaintiffs-Respondents. SIMPSON ELECTRIC, Third-Party Defendant-Respondent. [865 NYS2d 639]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dorsa, J.), entered July 2, 2007, which granted the defendants' motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute and denied the plaintiffs' cross motion to vacate a stay of the trial on damages.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the defendants' motion is denied, the plaintiffs' cross motion is granted, and the stay of the trial on damages is vacated.

CPLR 3216 is "extremely forgiving" (*Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell,* 6 AD3d 382, 383-384 [2004]; *see* CPLR 3216 [a], [e]; *Di Simone v Good Samaritan Hosp.,* 100 NY2d 632, 633 [2003]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 504-505 [1997]). When served with a 90-day demand pursuant to CPLR 3216, it is incumbent upon a plaintiff to comply with the demand by filing a note of issue or by moving, before the default date, to either vacate the notice or extend the 90-day period (*see Turman v Amity OBG Assoc.,* 170 AD2d 668 [1991]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552 [1989]; *Mason v Sim-*

*mons*, 139 AD2d 880 [1988]). If a plaintiff fails to comply with the demand, to avoid the sanction of dismissal, the plaintiff is required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day demand and the existence of a meritorious cause of action (*see Papadopoulas v R.B. Supply Corp.*, 152 AD2d 552 [1989]; *Mason v Simmons*, 139 AD2d 880 [1988]).

Here, although the plaintiffs did not file a note of issue within the 90-day demand period, the facts negated any inference that they intended to abandon the action (*see Davis v Goodsell*, 6 AD3d 382, 384 [2004]; *Martinisi v Cornwall Hosp.*, 177 AD2d 549, 551 [1991]). There was some activity by the plaintiffs' counsel to ascertain the status of a Chapter 7 bankruptcy proceeding involving the third-party defendant (hereinafter the bankruptcy proceeding) (*see Sheridan v Mid-Island Hosp., Inc.*, 9 AD3d 490 [2004]). Moreover, the plaintiffs, who had filed a note of issue in 1998, attempted to file a second note of issue during the 90-day statutory period, but their attempt to do so was rejected by the clerk of the court. Thus, the plaintiffs demonstrated that they did not intend to abandon this action (*see Gadsden v New York City Tr. Auth.*, 36 AD3d 658 [2007]; *Goldblum v Franklin Munson Fire Dist.*, 27 AD3d 694 [2006]; *see also Jimenez v Haros*, 39 AD3d 437 [2007]; *Sheridan v Mid-Island Hosp., Inc.*, 9 AD3d 490 [2004]).

Since the plaintiffs already had been granted summary judgment on the issue of liability, the merit of this action was established (*see Lupoli v Venus Labs.*, 264 AD2d 820 [1999]). In light of the foregoing, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

In addition, since the docket of the United States Bankruptcy Court for the Eastern District of New York demonstrated that the automatic bankruptcy stay in the bankruptcy proceeding previously had been lifted, the Supreme Court also should have granted the cross motion to vacate its stay of the trial on damages.

The defendants' remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.