Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about January 7, 2009, which granted defendants’ motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute to the extent of directing plaintiff to resume prosecution of the action within 10 days of service of the order with notice of entry, affirmed, without costs.
“When served with a 90-day demand pursuant to CPLR 3216, it is incumbent upon a plaintiff to comply with the demand by *874 filing a note of issue or by moving, before the default date, to either vacate the notice or extend the 90-day period” (Primiano v Ginsberg, 55 AD3d 709, 709 [2008]; see Serby v Long Is. Jewish Med. Ctr., 34 AD3d 441 [2006], lv denied 8 NY3d 805 [2007]). Here, having done neither, to avoid dismissal, this pro se plaintiff was required to show both a “justifiable excuse for the delay and a good and meritorious cause of action” (CPLR 3216 [e]). Furthermore, CPLR 3216 “is extremely forgiving of litigation delay” (Baezkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]), and “[t]he nature and degree of the penalty to be imposed on' a motion to dismiss for want of prosecution is a matter of discretion with the court” (Espinoza v 373-381 Park Ave. S., LLC, 68 AD3d 532, 533 [2009]).
Based on the foregoing principles and under the circumstances presented, the motion court did not abuse its discretion in granting the motion to dismiss conditioned on plaintiff resuming prosecution of the action within 10 days of service of the order with notice of entry. Plaintiffs attempts to obtain counsel twice during this litigation indicate that there was no intent to abandon the action (see e.g. Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633-634 [2003]). This includes that, in response to the 90-day notice, plaintiff contacted an attorney who, in a September 15, 2008 letter, stated that his firm was considering substituting for the “pro se plaintiff” and requested an additional 30 days to decide whether to take the case. Thus, plaintiff clearly met with an attorney in an attempt to resume this litigation. There is also evidence in the record that counsel for the defense refused to call back plaintiffs initial counsel. Contrary to defendants’ contention, the “complaint, verified by plaintiff on the basis of personal knowledge and which detailed [the defendants’] acts of negligence, was a sufficient affidavit of merits” (Salch v Paratore, 60 NY2d 851, 852-853 [1983]). Concur—Moskowitz, Renwick and Richter, JJ.
Gonzalez, PJ., and Catterson, J., dissent in a memorandum by Catterson, J., as follows: I must respectfully dissent because in my opinion, the motion court improvidently exercised its discretion by allowing the plaintiff additional time after he failed to file a note of issue in response to the defendants’ 90-day demand, and failed to proffer a justifiable excuse for not so doing. Specifically, I disagree with the majority’s reliance on the Court of Appeals’ observation in Baezkowski v Collins Constr. Co. (89 NY2d 499, 503 [1997]) that CPLR 3216 is “extremely forgiving of litigation delay.” The Court’s observation is made upon the recitation of precisely those statutory requirements— filing the note of issue or tendering a justifiable excuse for not so doing—with which the plaintiff in this case failed to comply.
*875 On October 21, 2003, the plaintiff, a provider physician, commenced this action pro se alleging, inter aha, breach of contract against defendant Fidelis, a health management organization and other defendants. On or about November 3, 2003, the defendants entered their notice of appearance. For approximately the next five years, the action remained dormant except for one set of interrogatories served by the defendants on the plaintiff.
On June 18, 2008, the plaintiff received notice pursuant to CPLR 3216 demanding that he resume prosecution within 90 days by filing a note of issue. The 90-day period expired on September 16, 2008. It is undisputed that during those 90 days, the plaintiff did not file a note of issue.
On September 16, 2008, the defendants moved to dismiss for want of prosecution. Two days later, the defendants received a letter from an attorney writing on behalf of the plaintiff, requesting an additional 30 days in order to “determine whether or not to accept [plaintiffs] retainer.”
On October 8, 2008, the plaintiff filed a pro se opposition to the motion to dismiss alleging, inter alia, that the defendant was responsible for any delay. On January 7, 2009, the court granted the defendant’s motion to dismiss for failure to prosecute unless within 10 days of service of the order, the plaintiff resumed prosecution. This appeal by the defendants followed. For the reasons set forth below, I believe the court should have dismissed the action unconditionally.
It is well settled that an action may be dismissed for want of prosecution if: (1) at least one year has elapsed since the joinder of issue; (2) the defendant serves the plaintiff a written demand for a note of issue, which is to be filed within 90 days; and (3) the plaintiff fails to serve and file such note of issue. (See CPLR 3216 [b].) In this case, it is undisputed that all of the foregoing conditions were satisfied. Moreover, the plaintiff failed to move before the default date to vacate the demand notice or extend the 90-day period which would have also avoided dismissal. (See Primiano v Ginsberg, 55 AD3d 709 [2d Dept 2008].)
Accordingly, the plaintiff had one more opportunity to stave off dismissal pursuant CPLR 3216 (e) by showing both a “justifiable excuse for the delay and a good and meritorious cause of action.” (See also Turman v Amity OBG Assoc., 170 AD2d 668, 668-669 [2d Dept 1991] [“plaintiffs, to avoid the sanction of dismissal, were required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice and that they had a meritorious cause of action”], citing Papadopoulas v R.B. Supply Corp., 152 AD2d 552 [2d Dept 1989].) Moreover, I believe, at this stage, the plaintiff was also obliged to show a *876 justifiable excuse for the general five-year delay. (See Baczkowski, 89 NY2d at 503; see also Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3216:ll [previous delay “will be relevant only if. . . the plaintiff has failed to file the note of issue within the 90 days”]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3216:25 [“if the plaintiff has not served and filed the note of issue within the 90-day period ... we have at hand the situation in which delay prior to the filing of the note of issue may be considered by the court on the CPLR 3216 motion”].)
In my opinion, the plaintiff failed to tender a justifiable excuse for both ignoring the 90-day demand notice and for the overall five-year delay period. During the 90-day demand period, the plaintiff’s only action of record was a letter, dated September 15, 2008, from an attorney to the defendants’ attorney requesting an additional 30 days in order to decide whether to accept the plaintiffs case. The letter, even though dated the day before the 90-day deadline expired, was received two days after the 90 days had elapsed and the defendants’ motion to dismiss had been filed. In any event, even if the letter had arrived before the deadline, it could not be considered either as an application to extend the deadline or as providing a justifiable excuse for not filing the note of issue since the author did not represent the plaintiff and any such application or explanation must be filed with the court. (See Davies v Slotkin, 251 AD2d 533 [2d Dept 1998], lv denied 92 NY2d 814 [1998] [plaintiff did not have an excuse where he sent the note of issue to the defendants before the expiration of 90 days but the note was never filed with the court]; Stein v Wainwright’s Travel Serv., 92 AD2d 961 [3d Dept 1983].)
Plaintiff tendered no excuse whatsoever for the failure to respond to the 90-day notice. Nor did the plaintiff provide any justifiable excuse for the preexisting five-year delay. The plaintiff merely maintained that he was not informed of the defendants’ change of counsel which stalled his discovery efforts, and that he discovered the change when he went to the courthouse in August 2005, two years after commencing the action. This account is roundly refuted by the letter to plaintiff, of January 12, 2005, from the defendants’ new counsel, which clearly included counsel’s contact information in the letterhead. The plaintiff also claims that the defendants failed to comply with discovery demands. While this has been recognized as a justifiable excuse (see Davis v Goodsell, 6 AD3d 382, 384 [2d Dept 2004]), here, the plaintiff has failed to produce any actual evidence of alleged noncompliance; nor has he proffered any evidence of an attempt *877 to avail himself of any of the available remedies, for example, moving to compel deposition. (See Kent v Maschio, 26 AD2d 644 [2d Dept 1966] [dismissing action where the plaintiff alleged that delay was due to the defendant’s “uncooperative attitude,” but provided no evidence thereof].) In Baczkowski, the Court of Appeals held unequivocally that “[w]ere courts routinely to deny motions to dismiss even after plaintiff has ignored the 90-day period without an adequate excuse, the procedure established by CPLR 3216 would be rendered meaningless.” (89 NY2d at 505.) In that case, the period of delay was five years, as it is in this case.
In my opinion, the plaintiff’s unjustified delay and failure to respond to the 90-day demand are sufficient to warrant dismissal of the action unconditionally. It is nonetheless worth noting that plaintiff made no attempt to show a “good and meritorious” cause of action either. The plaintiff maintains in conclusory fashion that he “has substantial bona fide claims against defendants and has supportive evidence to prevail at trial.” He also argues that his verified complaint is a sufficient showing of a meritorious cause of action. While it may be true that, on occasion, a verified complaint may be a sufficient affidavit of merits (Saleh v Paratore, 60 NY2d 851, 852-853 [1983]), in my opinion, this is not one of those occasions. First, the plaintiff relies on Hansel v Lamb (227 AD2d 838 [3d Dept 1996]) for his argument that a verified complaint is a sufficient affidavit of merits. In that case, the Third Department relied on both the verified complaint and deposition testimony to deny dismissal. Rather, this action appears to be of the type we considered in Sortino v Fisher, where we observed that “it is almost invariably true that neglected actions are of little or no merit.” (20 AD2d 25, 28 [1st Dept 1963].)
Finally, although the plaintiff has been pro se for the majority of the elapsed time, this is no excuse for his delay. (See Katz v Robinson Silverman Pearce Aronsohn & Berman, 277 AD2d 70, 72 [1st Dept 2000] [dismissing the pro se plaintiffs action for failure to file a note of issue]; Reine v Pori Auth. of N.Y. & N.J., 234 AD2d 138 [1st Dept 1996] [dismissing pro se plaintiffs action for failure to show a meritorious claim].) The liberal construction allowed pro se litigants (see e.g. Matter of Zelodius C. v Danny L., 39 AD3d 320 [1st Dept 2007]) does not absolve a plaintiff of his or her duty to actually prosecute the case. (See Yule v Comerford, 140 AD2d 981, 982 [4th Dept 1988] [holding that the trial court erred when it did not insist on an affidavit of merits because the plaintiff was pro se].)