Austin v Gould (2018 NY Slip Op 01404)





Austin v Gould


2018 NY Slip Op 01404


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


653921/13 5869 5868

[*1]Emmet Austin, et al., Plaintiffs-Appellants,
v
Jonathan Gould, et al., Defendants-Respondents.


Law Office of Edward J. Boyle, Manhasset (Edward J. Boyle of counsel), for appellants.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Daniel G. Lyons of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 20, 2017, which granted defendants' motion to dismiss the summons and complaint pursuant to CPLR 3216, and denied plaintiffs' cross motion for an extension of time to file a note of issue, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 11, 2017, which denied plaintiffs' motion to reargue the January 20, 2017 order, unanimously dismissed, without costs, as taken from a nonappealable order.
"When served with a 90-day demand pursuant to CPLR 3216, it is incumbent upon a plaintiff to comply with the demand by filing a note of issue or by moving, before the default date, to either vacate or extend the 90-day period" (Primiano v Ginsberg, 55 AD3d 709, 709 [2d Dept 2008]; Serby v Long Is. Jewish Med. Ctr., 34 AD3d 441 [2d Dept 2006], lv denied 8 NY3d 805 [2007]).
The court properly found that plaintiffs failed to provide a justifiable excuse for failing to file a note of issue or request an extension of time within 90 days of the date they admitted receiving the demand letter, May 16, 2016. Their cross motion was filed on August 19, 2016, three days too late (see Umeze v Fidelis Care N.Y., 17 NY3d 751 [2011]).
Plaintiffs assert that they did not timely file the note of issue because they required further discovery. However, the court noted that on March 30, 2016, the date plaintiffs were ordered to file the note of issue, there was no indication that they claimed discovery was still outstanding (other than a deposition which took place in April 2016 as per the parties' stipulation). The record is devoid of evidence of any attempts by plaintiffs to avail themselves of available remedies for defendants' alleged noncompliance with discovery.
In any event, plaintiffs' motion was properly denied since the alleged error by the court as to the date of their receipt of the 90-day demand letter did not affect its finding that plaintiffs failed to provide a justifiable excuse for failing to timely file their cross motion for an extension of time and that they lacked a meritorious claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK