Matthews v Chaudhri (2020 NY Slip Op 06189)





Matthews v Chaudhri


2020 NY Slip Op 06189


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

529969

[*1]Kathleen H. Matthews, Appellant,
v
Kamran I. Chaudhri, Defendant, and Ophthalmic Associates of the Southern Tier, P.C., Respondent.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Cote & Van Dyke, LLP, Syracuse (Robin C. Zimpel of Cherundolo Law Firm, PLLC, of counsel), for appellant.
Levene Gouldin & Thompson, LLP, Vestal (Kathryn Donnelly of counsel), for respondent.



Egan, Jr., J.P.
Appeal from an order of the Supreme Court (Tait, J.), entered April 1, 2019 in Broome County, which, among other things, granted a motion by defendant Ophthalmic Associates of the Southern Tier, P.C. to dismiss the complaint against it for failure to prosecute.
In February 2011, defendant Kamran I. Chaudhri, a physician and member of defendant Ophthalmic Associates of the Southern Tier, P.C. (hereinafter OAST), performed cataract surgery on plaintiff's right eye. Complications arose during the surgical placement of the intraocular lens resulting in hemorrhaging and permanent vision loss to plaintiff's right eye. In November 2013, plaintiff commenced this medical malpractice action against defendants, alleging, among other things, that Chaudhri failed to inform her to stop taking certain prescribed blood-thinning medication prior to surgery that contributed to her resulting injuries. In January 2014, OAST answered and simultaneously served plaintiff with a demand for a bill of particulars and a demand for discovery and/or inspection.[FN1] No response to OAST's demands was subsequently forthcoming and, in October 2015, OAST moved to preclude or, in the alternative, to compel plaintiff's compliance with its demands, prompting plaintiff to serve a response in December 2015. Plaintiff thereafter appeared for a deposition in April 2016; however, no further action was subsequently taken in furtherance of this case.
On April 2, 2018, OAST served plaintiff with a notice to resume prosecution pursuant to CPLR 3216 (b) (3), demanding that
she serve and file a note of issue within 90 days of receipt of said demand or it would thereafter move for dismissal of the action for unreasonably neglecting to proceed. Plaintiff failed to comply with OAST's 90-day demand and, in July 2018, OAST moved to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute. Plaintiff opposed the motion and cross-moved to "vacat[e] the dismissal of the action," contending that any delay in prosecuting the case was the result of law office failure and that it had a meritorious claim. Supreme Court granted OAST's motion to dismiss, prompting this appeal by plaintiff.
Plaintiff contends that Supreme Court erred in dismissing her complaint as she presented a justifiable excuse for failing to comply with OAST's 90-day demand to file a note of issue and established a meritorious cause of action. We disagree. Where, as here, a plaintiff fails to comply with a 90-day demand to serve and file a note of issue and has not moved to either vacate the demand or for an extension of time, a defendant's motion to dismiss for failure to prosecute should be granted unless the plaintiff can set forth a "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e] [emphasis added]; see Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633 [2003]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; Hansel v Lamb, 227 AD2d 838, 839 [1996]). "In determining whether a given excuse is sufficient, a court must consider the degree of merit shown, as well as such other factors as the extent of the delay, the seriousness of the plaintiff's injury, undue prejudice to the defendant, if any, caused by the delay and whether the plaintiff intended to abandon the suit" (King v Jordan, 243 AD2d 951, 952-953 [1997] [internal quotation marks and citation omitted]).
The evidence in support of OAST's motion to dismiss reveals plaintiff's repeated delays in prosecuting this medical malpractice action. In January 2014, OAST served plaintiff with demands for a bill of particulars and discovery and/or inspection, but plaintiff failed to respond to these demands for nearly two years, ultimately doing so only after OAST filed a motion seeking an order of preclusion or, alternatively, an order compelling disclosure. Plaintiff's deposition was thereafter scheduled for February 2016; however, plaintiff's counsel did not appear on the scheduled date and the deposition was rescheduled for April 2016. Following the April 2016 deposition, another two years passed without any further action by plaintiff, prompting OAST to file and serve on plaintiff on April 2, 2018, by certified mail, return receipt requested, a notice to resume prosecution. The notice to resume prosecution specifically stated that, if plaintiff did not file a note of issue within 90 days of said demand, it would move to dismiss the complaint for neglect to prosecute. Despite the 90-day demand, plaintiff failed to serve and file a note of issue within the requisite time frame (see CPLR 3216 [b] [3]), nor did she seek an extension of time to do so or move to vacate the notice to resume prosecution.
In opposition to OAST's motion and in support of plaintiff's cross motion, plaintiff's trial counsel submitted an affirmation wherein he admits that he failed to respond to OAST's 90-day demand, citing law office failure.[FN2] Assuming, without deciding, that law office failure by plaintiff's attorney constituted a justifiable excuse for the protracted delay in prosecuting this action and the failure to respond to the 90-day demand for serving and filing a note of issue (see e.g. King v Jordan, 243 AD2d at 952-953), plaintiff failed to submit an affidavit of merit by a medical expert demonstrating the existence of a meritorious medical malpractice cause of action against OAST (see Mosberg v Elahi, 80 NY2d 941, 942 [1992]). Contrary to plaintiff's contention, having reviewed the complaint and bill of particulars, it is clear that plaintiff's allegations sound in medical malpractice, not ordinary negligence (see Bleiler v Bodnar, 65 NY2d 65, 72 [1985]; Martuscello v Jensen, 134 AD3d 4, 11 [2015]). The gravamen of plaintiff's claim is that defendant allegedly failed to inform her to stop taking certain blood-thinning medication prior to her surgery, resulting in surgical complications. These allegations inherently involve matters that are outside the ordinary experience of laypersons such that expert medical evidence was necessary in order to demonstrate the existence of a meritorious medical malpractice action (see Mosberg v Elahi, 80 NY2d at 942; Fiore v Galang, 64 NY2d 999, 1000-1001 [1985]; Herrington v Saratoga Hosp., 202 AD2d 901, 901-902 [1994]; Sabatino v Albany Med. Ctr. Hosp., 187 AD2d 777, 778 [1992]). Accordingly, although we are mindful that CPLR 3216 "is extremely forgiving of litigation delay," under the circumstances presented, we cannot say that Supreme Court abused its discretion when it granted OAST's motion to dismiss for failure to prosecute (Baczkowski v Collins Constr. Co., 89 NY2d at 503; see CPLR 3216 [b] [3]; [e]).
Mulvey, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Supreme Court later dismissed this action against Chaudhri based upon a lack of personal jurisdiction.

Footnote 2: Plaintiff's counsel indicated that, due to certain staffing changes in his office, OAST's "notice papers were either misfiled and/or not appropriately calendared by [his] clerical staff."