FRANCES BARNES et al., Appellants, v. UTILITY LINES, INC., Respondent. — In an action to recover damages for personal injuries, the plaintiffs appeal from an order dated February 10, 1960, granting defendant's motion to dismiss the complaint, pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice, for plaintiffs' failure diligently to prosecute this action. Issue was joined about 11 and one-half months prior to the making of the motion. In opposition to the motion, plaintiffs submitted only the affidavit of their attorney. Plaintiffs themselves failed to submit affidavits to explain their delay in prosecuting the action. Order affirmed, with $10 costs and disbursements, with leave to plaintiffs, if so advised, to move at Special Term to vacate the said order on proper affidavits by plaintiffs showing the merits of the action. While ordinarily the discretion of the learned Justice at Special Term on a motion of this character would not be disturbed, it is our opinion that the combination of circumstances here, namely: (a) the illness of the plaintiffs' attorney (cf. *Parker* v. *Stiriz,* 7 A D 2d 647; *Sutera* v. *Inwood Motors,* 7 A D 2d 753); (b) his inability during the period of his illness to contact the female plaintiff for submission to examination before

trial as required by the Statement of Readiness Rule; and (c) the lack of resultant prejudice to the defendant (cf. *Brown* v. *City of New York*, 1 A D 2d 905), warrant a conditional denial of the defendant's motion to dismiss (see *Zeiger* v. *Kew Towers*, 8 A D 2d 827), provided that the subsequent motion be supported by a sufficient showing of merits by plaintiffs personally. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.