■ Kristina Amato et al., Respondents, v Commack Union Free School District, Appellant, et al., Defendants. [821 NYS2d 230]—

In an action to recover damages for personal injuries, etc., the defendant Commack Union Free School District appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated March 8, 2006, which denied its motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3216 for want of prosecution and pursuant to CPLR 3126 (a) (3) for failure to comply with a preliminary conference order.

Ordered that the order is affirmed, with costs.

The appellant served the plaintiffs with a 90-day notice to resume prosecution of the action pursuant to CPLR 3216. Once the 90-day notice was received, the plaintiffs were required to file a note of issue in compliance with the notice or move, before the default date, either to vacate the notice or to extend the 90-day period (*see Chaudhry v Ziomek,* 21 AD3d 922, 924 [2005]; *Allen v Makhnevich,* 15 AD3d 425, 426 [2005]; *Brady v Benenson Capital Co.,* 2 AD3d 382 [2003]). The plaintiffs did neither. Thus, in opposition to the appellant's motion to dismiss the complaint insofar as asserted against it, the plaintiffs were required to provide a justifiable excuse for their delay and to demonstrate a meritorious cause of action (*see* CPLR 3216 [e]; *Sharpe v Osorio,* 21 AD3d 467, 468 [2005]; *Estate of Hamilton v Nassau Suffolk Home Health Care,* 1 AD3d 474 [2003]; *Aguilar v Knutson,* 296 AD2d 562 [2002]).

The plaintiffs presented a justifiable excuse for their delay in prosecuting this action based upon the combination of their attorney's illness (*see Low Surgical & Med. Supply, Inc. v McAfee,* 15 AD3d 547, 548 [2005]; *cf. Civello v Grossman,* 192 AD2d 636 [1993]; *Chery v Anthony,* 156 AD2d 414, 416-417 [1989]; *Barnes*

*v Utility Lines*, 12 AD2d 524 [1960]) and law office failure that was not willful or deliberate (*see* CPLR 2005; *Storchevoy v Blinderman*, 303 AD2d 672, 673 [2003]; *Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340, 341 [2002]; *Reyes v Ross*, 289 AD2d 554, 555 [2001]). Furthermore, the plaintiffs' submissions were sufficient to demonstrate that they have a potentially meritorious cause of action against the appellant (*see Holtslander v Whalen & Sons*, 70 NY2d 962 [1988], *modfg on concurring and dissenting op of Levine, J.*, 126 AD2d 917, 919-920 [1987]; *Greene v Toys "R" Us*, 292 AD2d 568 [2002]; *cf. Diven v Village of Hastings-On-Hudson*, 156 AD2d 538, 539 [1989]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3216 for want of prosecution.

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3126 (a) (3) for failure to comply with a preliminary conference order. The plaintiffs' failure to timely provide discovery pursuant to that order was not willful and contumacious (*see Piche v Greenpoint Sav. Bank*, 21 AD3d 886 [2005]; *Felipe v 2820 W. 36th St. Realty Corp.*, 7 AD3d 483, 484 [2004]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.