■ BETTY GOLDSTEIN, Appellant, v MEADOWS REDEVELOPMENT CO OWNERS CORP. I et al., Respondents. [846 NYS2d 384]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Lally, J.), entered December 19, 2006, which denied her motion to vacate the dismissal of the action based on her failure to timely file a note of issue, to restore the action to the trial calendar, and to extend her time to file a note of issue, and (2) an order of the same court entered April 24, 2007, which denied her motion for leave to renew and reargue.

Ordered that the appeal from so much of the order entered April 24, 2007, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered April 24, 2007 is reversed

insofar as reviewed, on the law and in the exercise of discretion, without costs or disbursements, that branch of the motion which was for leave to renew is granted and, upon renewal, the plaintiff's motion to vacate the dismissal of the action, to restore the action to the trial calendar, and to extend the time to file a note of issue is granted, the plaintiff's time to file a note of issue is extended until 60 days after service upon her of a copy of this decision and order, and the order entered December 19, 2006 is modified accordingly; and it is further,

Ordered that the appeal from the order entered December 19, 2006 is dismissed as academic in light of our determination of the appeal from the order entered April 24, 2007.

In this personal injury action the plaintiff failed to timely file the note of issue pursuant to a pretrial conference order. The case was marked "dismissed" in the court's files. Upon learning of the dismissal, the plaintiff's attorney moved to vacate the default in complying with the pretrial order, to restore the action to the trial calendar, and to extend the time for filing the note of issue. In support of the motion, the plaintiff's trial counsel submitted an affidavit which asserted that the default was due to "law office failure," in part occasioned by the illness and personal problems of the plaintiff's prior attorney. Also submitted by the plaintiff was an affidavit from the prior attorney alluding to his circumstances in a cursory manner. The Supreme Court denied the motion.

The plaintiff moved for leave to renew and reargue. In support of that motion the plaintiff provided greater specificity both as to the merits of the claim as well as the circumstances impairing the ability of the initial attorney to comply with the pretrial order in question. In support of this motion the attorney in question submitted a detailed affidavit itemizing the circumstances in question including, inter alia, two hospitalizations, as well as other circumstances of a highly personal and understandably embarrassing nature.

The Supreme Court should have granted that branch of the plaintiff's motion which was for leave to renew (*see* CPLR 2221 [e]), and upon renewal, granted the plaintiff's motion, inter alia, to vacate the dismissal of the action. In order to excuse the default and to restore this action to the calendar, the plaintiff was required to demonstrate a justifiable excuse for the failure to timely file the note of issue and proof of a meritorious claim (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]; *Serby v Long Is. Jewish Med. Ctr.,* 34 AD3d 441 [2006]; *Amato v Commack Union Free School Dist.,* 32 AD3d 807 [2006]; *Chaudhry v Ziomek,* 21 AD3d 922, 924 [2005]). The

plaintiff established that a meritorious action existed. Moreover, the court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), or to accept the ill physical or mental health of a litigant's attorney as an acceptable excuse for a default (*see Amato v Commack Union Free School Dist.,* 32 AD3d 807 [2006]; *Fine v Fine,* 12 AD3d 399 [2004]). Under the unique circumstances contained in this record, it was an improvident exercise of that discretion to deny that branch of the plaintiff's motion which was for leave to renew the motion to vacate the default in complying with the pretrial order, to restore the action to the calendar, and to extend the time to file the note of issue (*see Valure v Century 21 Grand,* 35 AD3d 591 [2006]; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.,* 28 AD3d 630 [2006]; *Tyberg v Neustein,* 21 AD3d 896 [2005]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.