■ DIANE GIBSON, Respondent, v STEPHEN FAKHERI, M.D., Appellant. [908 NYS2d 356]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered November 18, 2009, as denied that branch of his motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that order is affirmed insofar as appealed from, with costs.

CPLR 3216 is an "extremely forgiving" statute (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]), which "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]). The statute prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever the plaintiff has shown

a justifiable excuse for the delay and the existence of a potentially meritorious cause of action (*see Ferrera v Esposit*, 66 AD3d 637, 638 [2009]). However, "such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal" (*Davis v Goodsell*, 6 AD3d at 384; *see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d at 503-505).

Here, the Supreme Court providently exercised its discretion in excusing the plaintiff's failure to comply with the defendant's 90-day notice demanding the filing of a note of issue (*see* CPLR 3216 [b] [3]). The record establishes, inter alia, that the plaintiff did not intend to abandon the action as shown by her service of a discovery demand prior to the 90-day notice and her request for a preliminary conference subsequent to the defendant's service of the 90-day notice, at which the Supreme Court imposed a discovery schedule and provided for the filing of a note of issue and certificate of readiness pursuant to further order of the court. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute (*see Zito v Jastremski*, 35 AD3d 458, 459 [2006]; *Davis v Goodsell*, 6 AD3d at 384). Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.