■ TERI LAURI, an Infant, by Her Mother and Natural Guardian, DONNA LAURI, et al., Respondents, v FREEPORT UNION FREE SCHOOL DISTRICT et al., Appellants. [912 NYS2d 278]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated October 9, 2009, which denied their motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, and granted those branches of the plaintiffs' cross motion which were to extend their time to serve and file a note of issue, and to vacate the defendants' 90-day notice.

Ordered that the order is affirmed, with costs.

CPLR 3216 is an "extremely forgiving" statute (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]), which "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]; *see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003]; *Gibson v Fakheri*, 77 AD3d 619 [2010]; *Ferrera v Esposit*, 66 AD3d 637, 638 [2009]). Moreover, the statute prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever the plaintiff has shown a justifiable excuse for the delay and the existence of a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Di Simone v Good Samaritan Hosp.*, 100 NY2d at 633; *Gibson v Fakheri*, 77 AD3d 619 [2010]; *Ferrera v Esposit*, 66 AD3d at 638).

Here, the plaintiffs presented a justifiable excuse for both their failure to timely respond to the defendants' 90-day notice and their delay in prosecuting this action through the affirmation of their attorney, who explained in detail that the delay was the result of a combination of both law office failure and his own health and personal issues (*see Di Simone v Good Samaritan Hosp.*, 100 NY2d at 633-634; *Goldstein v Meadows Redevelopment Co Owners Corp. I*, 46 AD3d 509, 510-511 [2007]; *Amato v Commack Union Free School Dist.*, 32 AD3d 807, 808 [2006]). Furthermore, the plaintiffs' submissions were sufficient to demonstrate that they have a potentially meritorious cause of action against the defendants (*see Amato v Commack Union Free School Dist.*, 32 AD3d at 808; *Driever v Spackenkill Union Free School Dist.*, 20 AD3d 384, 385 [2005]). Accordingly, the Supreme Court properly denied the defendants' motion pursu-

ant to CPLR 3216 to dismiss the complaint for failure to prosecute, and granted those branches of the plaintiffs' cross motion which were to extend their time to serve and file a note of issue, and to vacate the defendants' 90-day notice. Skelos, J.P., Balkin, Eng and Austin, JJ., concur.