DONNA SADA, Respondent, v KOHL'S DEPARTMENT STORES, INC., Appellant. [913 NYS2d 567]—

In an action to recover damages for defamation, false imprisonment, malicious prosecution, and negligence, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated January 7, 2010, as denied its motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was to impose sanctions based on spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendant's motion

for summary judgment dismissing the complaint based upon the defense afforded to merchants under General Business Law § 218. Since the defendant failed to eliminate triable issues of fact as to whether it had reasonable grounds to detain the plaintiff, it failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's causes of action sounding in false imprisonment and defamation (*see* General Business Law § 218). Contrary to the defendant's contention, General Business Law § 218 does not provide an affirmative defense to causes of action sounding in malicious prosecution or negligent hiring, retention, and supervision (*see* General Business Law § 218; *Conteh v Sears, Roebuck & Co.*, 38 AD3d 314 [2007]; *Richardson v New York Univ.*, 202 AD2d 295 [1994]). Accordingly, the defendant's motion was properly denied regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Moreover, the determination of whether to impose sanctions for spoliation of evidence is a matter within the broad discretion of the court (*see Denoyelles v Gallagher*, 40 AD3d 1027, 1027 [2007]). Here, the sanction imposed for spoliation of the surveillance videotape of the incident involving the plaintiff was a provident exercise of the Supreme Court's discretion. Florio, J.P., Balkin, Leventhal and Austin, JJ., concur. **[Prior Case History: 26 Misc 3d 1207(A), 2010 NY Slip Op 50007(U).]**