In an action, inter alia, to recover damages for false arrest and false imprisonment, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated November 21, 2011, as, upon reargument, adhered to the original determinations in an order of the same court dated April 7, 2010, denying that branch of their motion which was for summary judgment dismissing the complaint, in effect, denying that branch of their motion which was pursuant to CFLR 3216 to dismiss the complaint, and, in effect, granting that branch of the plaintiffs cross motion which was, in effect, pursuant to CFLR 3216 to extend the time to serve and file a note of issue.
Ordered that the order dated November 21, 2011, is affirmed insofar as appealed from, with costs.
The Supreme Court properly adhered to its original determination in an order dated April 7, 2010, denying that branch of the defendants’ motion which was for summary judgment dismissing the complaint. The defendants did not establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for false arrest, false imprisonment, assault, battery, and violation of civil rights based upon the defense afforded to merchants under General Business Law § 218. Since the defendants failed to eliminate triable issues of fact as to whether the defendant Carlyle Byron *838 had reasonable grounds to detain the plaintiff, whether the detention was conducted in a reasonable manner, and whether the detention was for a reasonable duration of time, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing those causes of action (see General Business Law § 218; Waynes v BJ’s Wholesale Club, Inc., 97 AD3d 659 [2012]; Restrepo v Home Depot U.S.A., Inc., 92 AD3d 857 [2012]; Sada v Kohl’s Dept. Stores, Inc., 79 AD3d 1121 [2010]). Further, the defendants did not establish that they were entitled to judgment as a matter of law dismissing the causes of action sounding in negligence and negligent hiring, retention, training, and supervision, as General Business Law § 218 does not provide an affirmative defense to these causes of action and, in any event, the defendants failed to meet their prima facie burden with regard to these causes of action (see General Business Law § 218; Sada v Kohl’s Dept. Stores, Inc., 79 AD3d at 1122). Accordingly, that branch of the defendants’ motion which was for summary judgment dismissing the complaint was properly denied, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and, upon reargument, the Supreme Court properly adhered to its determination in the order dated April 7, 2010, denying that branch of the defendants’ motion.
With respect to the remaining branches of the defendants’ motion, and the plaintiff’s cross motion, “CPLR 3216 is an ‘extremely forgiving’ statute (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]), which ‘never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff’s action based on the plaintiff’s unreasonable neglect to proceed’ ” (Kadyimov v Mackinnon, 82 AD3d 938, 938 [2011], quoting Davis v Goodsell, 6 AD3d 382, 383 [2004]). CPLR 3216 prohibits the Supreme Court from dismissing a complaint based on failure to prosecute whenever a plaintiff has shown a justifiable excuse for the delay and the existence of a potentially meritorious cause of action (see Gordon v Ratner, 97 AD3d 634, 635 [2012]). Under the circumstances of this case, the excuses of law office failure, ongoing discovery proceedings, and the existence of a parallel administrative proceeding were properly accepted by the Supreme Court as reasonable. Further, the Supreme Court properly determined that the plaintiff demonstrated a potentially meritorious cause of action (id. at 635; see Lauri v Freeport Union Free School Dist., 78 AD3d 1130 [2010]). These determinations, combined with the fact that the defendants claimed no prejudice and the lack of evidence of a pattern of persistent neglect and delay in prosecuting the action or of any intent to abandon the action, all support the conclusion *839 that the Supreme Court providently exercised its discretion. Accordingly, the Supreme Court properly adhered to its determinations in the order dated April 7, 2010, in effect, denying that branch of the defendants’ motion which was pursuant to CPLR 3216 to dismiss the complaint and granting that branch of the plaintiffs cross motion which was, in effect, pursuant to CPLR 3126 to extend the time to serve and file a note of issue. Mastro, J.R, Lott, Austin and Cohen, JJ., concur.