Disla v El Potrero Sport Bar, Inc. (2024 NY Slip Op 04060)

Disla v El Potrero Sport Bar, Inc.

2024 NY Slip Op 04060

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2023-01349
 (Index No. 504050/18)

[*1]Jhovanny Disla, respondent, 
v
El Potrero Sport Bar, Inc., et al., appellants.

Barry, McTiernan & Moore, New York, NY (David H. Schultz of counsel), for appellants.
Sullivan Law Firm, New York, NY (James A. Domini of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated January 11, 2023. The order granted the defendants' motion pursuant to CPLR 3216 to dismiss the complaint only to the extent of directing the plaintiff to file a note of issue on or before January 17, 2023, to avoid dismissal of the complaint.
ORDERED that the order is affirmed, with costs.
On December 27, 2017, the plaintiff allegedly was injured on premises owned by the defendant 4602-4626 Greenpoint, LLC, and operated by the defendant El Potrero Sport Bar, Inc. In February 2018, the plaintiff commenced this action to recover damages for personal injuries. In April 2018, the defendants answered the complaint. Discovery was completed in February 2020.
In August 2021, the defendants served the plaintiff with a 90-day notice demanding that the plaintiff place the matter on the trial calendar. The plaintiff did not serve and file a note of issue or move either to vacate the 90-day notice or to extend the 90-day period. Thereafter, the defendants moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. In an order dated January 11, 2023, the Supreme Court granted the defendants' motion only to the extent of directing the plaintiff to file a note of issue on or before January 17, 2023, to avoid dismissal of the complaint. The defendants appeal.
"CPLR 3216 is an extremely forgiving statute, which never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (U.S. Bank N.A. v Hadar, 206 AD3d 688, 689-690 [internal quotation marks omitted]; see CPLR 3216[a], [e]; Davis v Goodsell, 6 AD3d 382, 383). "While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay, and a meritorious cause of action[,] such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal" (Davis v Goodsell, 6 AD3d at 383-384 [citations omitted]; see Gibson v Fakheri, 77 AD3d 619, 619-620).
Under the circumstances of this case, where discovery has been completed and there [*2]is no evidence that the defendants have been prejudiced as a result of any delay, the Supreme Court did not improvidently exercise its discretion in granting the defendants' motion pursuant to CPLR 3216 to dismiss the complaint only to the extent of directing the plaintiff to file a note of issue on or before January 17, 2023, to avoid dismissal of the complaint (see Western Union N. Am. v Chang, 176 AD3d 1138, 1139; Altman v Donnenfeld, 119 AD3d 828, 828-829; Gibson v Fakheri, 77 AD3d at 620; Davis v Goodsell, 6 AD3d at 384-385).
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court