True-Align Chiropractic Care, P.C. v GEICO Ins. Co. (2020 NY Slip Op
51291(U))

[*1]

True-Align Chiropractic Care, P.C. v GEICO Ins. Co.

2020 NY Slip Op 51291(U) [69 Misc 3d 136(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-2195 K C

True-Align Chiropractic Care, P.C., as
Assignee of Mersedes Ynosenciaa, Appellant, 
against
GEICO Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered September 4, 2018. The order granted defendant's motion to dismiss the
complaint.

ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action in January 2014 to recover assigned first-party no-fault
benefits. Issue was joined in February 2014. On May 5, 2017, defendant served a 90-day notice
pursuant to CPLR 3216 (b) (3). Plaintiff did not file a notice of trial, move to vacate the 90-day
notice, or move to extend the 90 days. In September 2017, defendant moved to dismiss the
complaint pursuant to CPLR 3216. By order entered September 4, 2018, the Civil Court granted
defendant's motion.
Except under circumstances not present here, a plaintiff seeking to avoid dismissal pursuant
to CPLR 3216 is required to demonstrate both a justifiable excuse for its delay and a meritorious
cause of action (see CPLR 3216 [e]; Baczkowski v Collins Constr. Co., 89 NY2d
499 [1997]; Belson v Dix Hills A.C.,
Inc., 119 AD3d 623 [2014]). Here, plaintiff merely offered a conclusory excuse.
Moreover, plaintiff's attorney's statement that bills had been submitted to [*2]defendant and had not been paid was insufficient to demonstrate
that plaintiff had a potentially meritorious cause of action (see Sortino v Fisher, 20 AD2d
25 [1963]; Restoration Sports &
Spine v GEICO Ins. Co., 45 Misc 3d 134[A], 2014 NY Slip Op 51730[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the order granting defendant's motion to dismiss the complaint pursuant to
CPLR 3216 was properly granted.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020